
& CULBERTSON LLP

ATTORNEYS AT LAW
800 Third Avenue
13th Floor
New York, NY 10022

212-471-6200
212-935-1166 (fax)
www.hinshawlaw.com

Alan Kaufman
akaufman@hinshawlaw.com

June 24, 2016

**Via ECF**

Honorable Joan M. Azrack, U.S.D.J.
Eastern District of New York
100 Federal Plaza
Central Plaza, New York 11722

Re: *Ora Naftali and Roni Naftali, as Trustees of the Edtom Trust Dated April 10, 2011 v. New York Deferred Exchange Corp., et ano.*
Case No. 15-cv-7152-JMA-ARL

Dear Judge Azrack:

This firm represents Defendants New York Deferred Exchange Corp. ("NYDEC") and Fritz Trinklein (together with NYDEC, "Defendants"). We write pursuant to Your Honor's May 24, 2016 Order to advise on the status of settlement discussions and provide a proposed briefing schedule for Defendants' anticipated motion to dismiss.

As Your Honor will recall, this is a case in which Plaintiffs misrepresented their status as a "Foreign Person" in an attempt to qualify for a section 1031 exchange. When we appeared in Court on May 24, 2016, the Court encouraged the parties to attempt to resolve this matter by addressing the disposition of $200,000 held in escrow (to secure tax assessments arising from the aborted 1031 exchange). After Your Honor exited the courtroom, we attempted to engage Plaintiffs' counsel to continue our settlement discussions. Plaintiffs' counsel, however, rebuffed our efforts, and alighted from the courtroom before we could advise the Court's clerk that the settlement discussions could not proceed and that a briefing schedule should be set.

More recent efforts to engage in a productive dialog with Plaintiffs have not been fruitful. At the heart of Plaintiffs' position is their refusal to recognize the potential tax assessments and other damages caused by their misrepresentations to Defendants. Shortly after the commencement of this action, NYDEC acted in good faith by returning the majority of the funds. It did not return the entire amount, which Plaintiffs now demand because, among other reasons, there is a three year statute of limitations on claims by the IRS. *See, e.g.,* IRC § 6501.

Defendants have repeatedly offered to discuss an accommodation with Plaintiffs on the form of security. Plaintiffs are also willing to discuss compromising their financial damages arising from expenses incurred as a result of the aborted exchange, as well as on the payment of the yet unpaid transaction fee. Given Plaintiffs' position that any settlement must start with the release of all escrowed funds and a payment by Defendants, we were unable to reach an agreement.

***Building on the Barger Tradition***

Arizona California Florida Illinois Indiana Massachusetts Minnesota Missouri New York Rhode Island Wisconsin ♦ London

131417591v2 0984840

Defendants are still interested in trying to resolve this matter amicably; however, it is apparent that the parties require assistance from the Court. Defendants respectfully request that the parties engage in mediation before the Court, with the participation and presence of clients. Plaintiffs do not consent to this request.

With respect to Defendants' anticipated motion to dismiss, we had sent opposing counsel a proposed briefing schedule. Plaintiffs' counsel responded that they would like to narrow the schedule. We then proposed a revised schedule (more narrow than our prior proposal) as follows:

- **Moving papers** to be served by email (so as to be received by Plaintiffs' counsel) on or before July 22, with a copy sent on the same day by overnight delivery.
- **Opposition papers,** if any, to be served by email (so as to be received by Defendants' counsel) on or before August 12, with two (2) copies sent on the same day by overnight delivery.
- **Reply papers,** if any, to be served by email (so as to be received by Plaintiffs' counsel) on or before September 2, with a copy sent on the same day by overnight delivery.

Unfortunately, Plaintiffs' counsel has refused any schedule other than the one they had initially proposed (moving papers on July 15, opposition papers on August 5, and reply papers on August 15). That schedule, however, does not work for Defendants because, among other things, I am in Court on other matters most of the week of July 15 and my colleague, Philip Touitou (who has been involved in this matter since our firm was retained) is on vacation from August 1 to August 12. Accordingly, Defendants respectfully request that Your Honor adopt the (revised) schedule that they have proposed, listed above.

These schedules presume that Plaintiffs do not intend to amend their Complaint. We recently asked Plaintiffs whether they intend to do so; however, although they responded about the briefing schedule, they did not respond about the amendment. If they do intend to amend, there is little sense in moving twice. In that instance, we propose that Plaintiffs be required to serve any Amended Complaint by July 22, that moving papers be served on August 26, opposition papers be served by September 16, and reply papers be served by October 11.

Although it would not affect the briefing schedule, Defendants also note that, in addition to the grounds set forth in Defendants' request for a pre-motion conference, they intend to include in their anticipated motion the failure to join Plaintiffs as necessary parties -- to the extent Plaintiffs take the position that they are only involved in this litigation in their capacity as trustees, as opposed to also in their individual capacities.

We remain available should Your Honor wish to discuss any of the foregoing.

Respectfully submitted,
HINSHAW & CULBERTSON LLP

Alan F. Kaufman

cc: Counsel for Plaintiffs (via ECF)