# KISHNER | MILLER

ATTORNEYS AT LAW
420 Lexington Avenue, Suite 300
New York, New York 10170
Tel.: (212) 585-3425
Fax: (888) 332-5658
www.KishnerLegal.com

December 2, 2016

**VIA EDNY ECF**
Honorable Joan M. Azrack, U.S.D.J.
U.S.D.C., Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

   Re: *Ora Naftali and Roni Naftali, as Trustees of The Edtom Trust dated April 10, 2011 v. New York Deferred Exchange Corp. and Fritz Trinklein, et ano* Case No. 15-cv-07152 (JMA) (ARL) (the "Action")

Dear Judge Azrack:

  This Office represents the Plaintiffs, The Edtom Trust, dated April 10, 2011 (hereinafter referred to as "Plaintiffs" and/or "Trust"), in this Action, by and through Ora Naftali and Ron Naftali, both citizens of the State of Israel, as trustees of the Trust. We submit this letter in response to Defendant NYDEC and Defendant Trinklein's (collectively hereinafter referred to as the "Defendants") letter to Your Honor, dated November 30, 2016, ("Letter") requesting Your Honor schedule a conference to resolve Defendants' conduct which, among other things, consisted of the conversion by the Defendants of millions of dollars of Plaintiffs' monies. ("Plaintiffs' Monies") As Defendants are well aware, Plaintiffs have been attempting in good faith to resolve this matter for over two years and are willing to engage in any process that would bring this matter to an appropriate resolution. However, Plaintiffs are compelled to refute the gross misrepresentations in Defendants' Letter. Defendants' Letter is another attempt by Defendants to mislead the Court regarding Defendants' egregious conduct that continues to this date to inflict significant harm on Plaintiffs.

  Defendants conveniently omit from the Letter that they converted millions of dollars of Plaintiffs' Monies at a real estate closing of the Trust's apartment, which occurred on *October 12, 2014*. To this date, Defendants do not account for the "two-year disappearance" of Plaintiffs Monies. To date, Defendants even refuse to provide a meaningful accounting for their

conversion of Plaintiffs' Monies. It is respectfully submitted that Defendants' refusal to provide any meaningful accounting is likely because Defendants' accounting will probably lead to the revelation of inappropriate conduct by Defendants and may even uncover a pattern of such behavior with other similarly situated people who have submitted monies to the Defendants.

Defendants hold themselves out and promise enormous tax deferment to potential customers who agree to hand over money to them at a closing of real estate transactions. In this case, they were able to target two citizens of the State of Israel promising a method of tax deferment provided that they turn over to Defendants monies from their real estate closing.

Defendants conveniently also omit from the Letter that they submitted falsified documents to the Internal Revenue Service ("IRS") regarding Plaintiffs' closing. Defendants falsified the date of the closing on documents submitted to the IRS and placed in a different calendar year for the closing i.e. 2015, instead of 2014, all in an attempt to cover up and insulate the Defendants while causing harm to the Plaintiffs. Furthermore, the Defendants unilaterally submitted hundreds of thousands of dollars of Plaintiffs' Monies to the IRS which now the Plaintiffs need to have immediately returned to them because Defendants submitted falsified documentation to the IRS.

Plaintiffs spent years attempting to gain Defendants' cooperation to return the converted Plaintiffs' Monies, before Plaintiffs were forced to file the Action. Prior to this Office's involvement, other attorneys attempted to cooperatively work with the Defendant to get back Plaintiffs' Monies. However, almost immediately after Plaintiffs filed the Action and in an attempt to further avoid any investigation, Defendants NYDEC and Trinklein released a portion of Plaintiffs' Monies, approximately One Million One Hundred Four Thousand Two Hundred Six Dollars ($1,104,206.00), subject to the condition that other monies still be restrained in escrow i.e. the sum of Two Hundred Thousand Dollars ($200,000.00). ("Escrow Funds") Defendants hoped that by turning over a portion of Plaintiffs' Monies and withholding the Escrow Funds that they could avoid an accounting for the years that they converted Plaintiffs Monies.

To date, Defendants refuse to release to Plaintiffs all of Plaintiffs' Monies by withholding the Escrow Funds from the Plaintiffs. Defendants come to this Court with no basis to demand that the Escrow Funds be withheld from Plaintiffs. To the contrary, Plaintiffs are immediately entitled to the Escrow Funds. When put to task, Defendant state that they want to protect themselves against an unknown purported tax liability. Simply put, there is no tax liability. In fact, Defendants are still incapable of explaining their theory of an unknown purported tax liability. Defendants have still not explained nor taken any action pertaining to Defendants filing of false documentation to the IRS. Defendants' false filings to the IRS required Plaintiffs to

Honorable Joan M. Azrack, U.S.D.J.
U.S.D.C., Eastern District of New York
December 2, 2016
Page - 3 -

retain accounting professionals in an attempt to obtain a duly owed tax refund. According to Plaintiffs' accounting professionals, if not for Defendants inappropriate and false filings to the IRS, Plaintiffs would have received a refund in the amount of hundreds of thousands of dollars, (estimated to be approximately $350,000-$400,000, from the IRS.)

Defendants continue to try to conceal their conduct as they do not want any formal discovery to proceed in the Action because that would require the Defendants to turn over documentation which almost assuredly show that Defendants converted Plaintiffs' Monies. Upon information and belief, it is respectfully submitted that Defendants are engaged in some form of a Ponzi or Lapping scheme ("borrow from Peter to pay Paul scenario") to which the Defendants have now been caught but of course wish to hide.

Defendants' settlement offer is completely preposterous. The Defendants should immediately release the Escrow Funds to the Plaintiffs. Despite the fact that Defendants converted Plaintiffs' Monies, submitted falsified documents to the IRS, and continued to withhold the Escrow Funds, Plaintiffs have offered to indemnify Defendants for any unknown purported tax liability, albeit a completely phony issue contrived to conceal Defendants conversion. To date, Defendants repeatedly rejected Plaintiffs indemnification offers and have refused to release the inappropriately withheld Escrow Funds.

Of course, Plaintiffs welcome the opportunity to engage in any productive settlement conference. Regardless, Defendants must be held accountable for their conversion of Plaintiffs Monies, submission of falsified documents to the IRS which has caused harm to the Plaintiffs and their continued restraint of the Escrow Funds.

Thanking Your Honor for your continued time and consideration in this Action.

Respectfully submitted,

Ryan O. Miller, Esq.

3

Honorable Joan M. Azrack, U.S.D.J.
U.S.D.C., Eastern District of New York
December 2, 2016
Page - 4 -

cc: **VIA EDNY ECF**
Hon. Judge Arlene R. Lindsay, U.S.M.J.
U.S.D.C., Eastern District of New York
814 Federal Plaza
Central Islip, New York 11722-4451

**VIA EDNY ECF**
Hinshaw & Culbertson LLP
*Attorneys for Defendants*
*New York Deferred Exchange Corp. and Fritz Trinklein*
Attn. Alan F. Kaufman, Esq.
800 Third Avenue, 13th Floor
New York, New York 10022

**VIA EDNY ECF**
Milber Makris Plousadis & Seiden, LLP
*Attorneys for Defendant Jeffrey Wechsler*
Attn: Peter Seiden, Esq.
1000 Woodbury Road, Suite 402
Woodbury, New York 11797