UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| ORA NAFTALI AND RONI NAFTALI, AS TRUSTEES OF THE EDTOM TRUST DATED APRIL 10, 2011, |
|---|
| Plaintiffs, |
| - v - |
| NEW YORK DEFERRED EXCHANGE CORP., FRITZ TRINKLEIN, AND JEFFREY L. WECHSLER, |
| Defendants. |

Civil Action No. 15 CV-7152 (JMA) (ARL)

## PARTIAL OBJECTION OF
## DEFENDANT NEW YORK DEFERRED EXCHANGE CORP.
## TO REPORT AND RECOMMENDATION DATED AUGUST 15, 2017

Defendant New York Deferred Exchange Corp. ("NYDEC") respectfully submits the following partial Objection (the "Objection") to the Report and Recommendation dated August 15, 2017 [Dkt No. 31] (the "Report") relating to NYDEC's Motion to Dismiss [Dkt No. 24] in accordance with Federal Rule of Civil Procedure 72.[1]

As set forth below, NYDEC objects to the Report's recommendation that this Court deny the Motion Dismiss with respect to the Amended Complaint's [Dkt No. 15] claims for negligence (first cause of action) and conversion (second cause of action) asserted by plaintiffs Ora Naftali and Roni Naftali (collectively, the "Naftalis"), as Trustees of the Edtom Trust dated April 10, 2011 (the "Trust," together with the Naftalis, "Plaintiffs").[2]

---

[1] In summarizing for this Objection the facts alleged in Plaintiffs' Amended Complaint dated July 22, 2016 ("Amended Complaint") and the statements made in the Report, NYDEC does not accept these facts as true and reserves all rights. In the interests of efficiency, NYDEC does not restate the relevant background here, but rather refers to and incorporates by reference the background set forth in its motion to dismiss and supporting documentation. *See* Dkt Nos. 24-1 through 24-9.

[2] NYDEC also believes that the breach of contract claim should be dismissed. But, for present purposes, this Objection does not address Plaintiffs' breach of contract claim. NYDEC reserves all rights in that regard.

## SPECIFIC OBJECTIONS TO THE REPORT

Pursuant to Fed. R. Civ. P. 72, this Court reviews the Report *de novo*. As more fully set forth below, while NYDEC respectfully disagrees with the Report's characterization of the claims alleged in the Amended Complaint, even accepting those characterizations *arguendo*, the tort claims of negligence and conversion do not state a claim as a matter of law and should be dismissed.

### POINT I

### A CLAIM FOR NEGLIGENCE COULD ONLY ARISE FROM AN EXTRA-CONTRACTUAL DUTY AND NONE HAS BEEN IDENTIFIED IN THE AMENDED COMPLAINT OR THE REPORT

A.  As Alleged, Plaintiffs' Negligence Claim Is
    Impermissibly Duplicative Of Their Breach Of Contact Claim

Plaintiffs' negligence claim contains two aspects, namely that NYDEC allegedly should have (1) advised Plaintiffs that their proposed 1031 exchange was not viable (although, as set forth below, the Report concludes otherwise), and (2) return the funds being held in escrow. A negligence claim, however, must assert a legal duty that arises independently from the parties' contractual relationship and also cannot be duplicative of a breach of contract claim. *See Clark-Fitzpatrick, Inc. v Long Island R.R. Co.*, 70 NY2d 382 (1987). Here, as is clear from the face of the Amended Complaint, Plaintiffs' negligence claim is entirely dependent upon, and duplicative of, their breach of contract claim.

For their negligence claim, Plaintiffs allege, in relevant part:

> 90. Defendant Trinklein and Defendant NYDEC owed a duty to conform to a specific standard of conduct for the protection of the Plaintiff against an unreasonable risk of economic injury.

> 91. In fact, Defendant Trinklein and Defendant NYDEC held themselves as a knowledgeable company and person with ample experience working on 1031 Exchanges. Further, as a qualified intermediary, Defendant NYDEC is held to the standard of care of a knowledgeable and skilled qualified intermediary in similar circumstances. As such, Defendant Trinklein and Defendant NYDEC had a duty to ensure that the completed 1031 Exchanges [sic] was viable and completed in accordance with the law.
>
> 92. Defendant Trinklein and Defendant NYDEC breached that duty by acting negligently and failing to ensure that the contemplated 1031 Exchange was viable and completed in accordance with the law.

(Amended Complaint, ¶¶ 90-92.) While NYDEC respectfully submits that the Report incorrectly concludes that Plaintiffs "are not seeking damages related to the invalidity of the § 1031 exchange . . . ," regardless of whether they are or are not, Plaintiffs cannot do so because the Exchange Agreement is explicit that NYDEC made no guarantee, promise or other representation with respect to the validity, viability or qualification of the transaction and that NYDEC is not liable for any damages, losses or expenses incurred by Plaintiffs. (*See* Exchange Agreement, Art. 6.) *See On Time Aviation, Inc. v. Bombardier Capital, Inc.*, 354 Fed.Appx. 448, 2009 WL 3161384 (2d Cir. Oct. 2, 2009) (dismissal of breach of contract claim was proper where defendant explicitly and unambiguously disclaimed responsibility for any defects in goods sold); *see also Westchester Teamsters Local 456 Annuity Fund v. Fleet Nat. Bank*, No. 02 Civ. 6664, 2006 WL 2246232, at *6 (S.D.N.Y. Aug. 4, 2006) (denying proposed amendment to add counterclaim for negligence where trustees owed no duty to investigate actions of manager's own executive). Those disclaimers negate the very sort of tort-based duty that Plaintiffs contend form the basis for their claim of negligence.

Nonetheless, Plaintiffs' claim of negligence is entirely duplicative of Plaintiffs' breach of contract claim. In that regard, the Amended Complaint alleges in relevant part:

> 94. Defendant Trinklein and Defendant NYDEC also breached their duty of care by failing to return the Plaintiff's Monies once the 1031 Exchange was no longer viable. In fact, despite the Plaintiff complying with its tax obligations and placing several demands upon Defendant Trinklein and Defendant NYDEC, Defendant Trinklein and Defendant NYDEC have failed to turn over the Plaintiff's Monies causing further injury to the Plaintiff.
>
> 95. Based on the foregoing, Defendant Trinklein and Defendant NYDEC's conduct has fallen below the standard of care of a reasonable and skilled qualified intermediary under circumstances.

(Amended Complaint ¶¶ 94-95.)

However, the alleged failure to return the Escrow Funds is precisely the basis of the breach of contract claim. (*See* Amended Complaint ¶ 109 ("[T]he 1031 Exchange Process was, from its commencement, not valid nor handled properly pursuant to the terms of the Exchange Agreement."); *id.* ¶ 110 ("Defendant Trinklein and Defendant NYDEC breached the Exchange Agreement and . . . are required to turn over the Exchange Proceeds to Plaintiffs which now amounts to the Escrow Funds."); *id.* ¶ 111 ("Defendant Trinklein and Defendant NYDEC are and continue to be in complete control of the Escrow Funds, which are required to be turned over to the Plaintiff in accordance with the Exchange Agreement.").) In other words, the disposition of the sale proceeds is an act that is an essential part of the performance under the parties' contract. It does not constitute a separate, independent act that it subject to adjudication as a tort.

Accordingly, the negligence claim, as pled by Plaintiffs, is based on the same facts and does not give rise to a separate, independent claim for relief.

B. **The Extra-Contractual Claim Identified In The Report May Be A Breach Of Contract Claim But Is Not A Negligence Claim**

In addressing the fact that Plaintiffs cannot impose a duty where none otherwise exists, the Report states, "[T]o the extent the NYDEC defendants claim that they did not owe the

plaintiffs a duty beyond that outlined in the Exchange Agreement, it is too early to determine whether the plaintiffs' negligence claim is entirely duplicative of their contract claim." (Report, p. 11.) The Report also found that a cause of action for negligence exists based upon Plaintiffs' "bold conten[tion that] the NYDEC defendants' sole goal in allowing the defective exchange to proceed was to deprive them of the use of the proceeds from their sale for over a year." (*Id.*)

Even if that "bold contention" was true (which it is not), that allegation still amounts to a breach of contract, and certainly does not qualify, on its face, as an independent act of negligence (*i.e.,* duty, breach, cause and harm). (*See* Report, p. 9 (citing *Kraus v. Lee,* No. 14 CV 4143 DRH AKT, 2015 WL 2354381, at * 4 (E.D.N.Y. May 15, 2015) (citing *Greenberg, Trager & Herbst, LLP v. HSBC Bank USA,* 17 N.Y.3d 565, 576 (2011)). Indeed, NYDEC had no duty to Plaintiffs under the facts alleged outside of the terms of the parties' agreement. The Report makes no other finding that could otherwise form the basis of a viable negligence claim -- and the Amended Complaint certainly does not contain any such allegation.

The standard set forth by the United States Supreme Court does not permit Plaintiffs to leave the Court and the Defendants guessing as to what may be the independent factual basis of their negligence claim and whether it is or is not duplicative of its breach of contract claim, even at this stage of the proceeding. Pursuant to the Supreme Court's decision in *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007), the courts apply a "plausibility standard" to determine whether dismissal pursuant to Rule 12(b)(6) is appropriate. *Id.* at 560. That standard is guided by "[t]wo working principles." *Ashcroft v. Iqbal,* 556, U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009). While the court must accept as true all factual allegations contained in a complaint, "threadbare recitals of the elements of a cause of

action, supported by mere conclusory statements, do not suffice" to guard a claim against dismissal. *Id.*

Second, a complaint must "state[] a plausible claim for relief." *Id.* at 679 (emphasis added). "Determining whether a complaint [does so] will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* Given Plaintiffs' failure to meet this standard, as reflected by the Report itself, that cause of action should be dismissed.

Accordingly, this Court should reject that portion of the Report and instead dismiss Plaintiff's claim for negligence.

## POINT II

### EVEN AS CHARACTERIZED BY THE REPORT, THE CONVERSION IS IMPERMISSIBLY DUPLICATIVE OF THE BREACH OF CONTRACT CLAIM

The Report correctly notes that "a conversion claim may only proceed if there are allegations of violations and damages distinct from those predicated on a breach of contract." (Report, p. 14 n. 6 (citing *LaRoss Partners, LLC v. Contact 911 Inc.*, 874 F. Supp. 2d 147, 164-65 (E.D.N.Y. 2012) (citing *Command Cinema Corp. v. VCA Labs, Inc.*, 464 F.Supp.2d 191, 199 S.D.N.Y. 2006)). The Report also recognizes that "the same facts are involved in the breach of contract and conversion claims." (*Id.*) The Report, however, incorrectly concludes that the conversion claim should not be dismissed, explaining as follows: "However, given the fact that the NYDEC defendants continue to exercise control over the remaining $200,000, ***there is an argument to be made*** that the NYDEC defendants have committed a legal wrong distinct from the alleged breach of contract." (*Id.* (emphasis added).)

The disposition of the funds, however, goes to the very essence of the parties' agreement. The act of holding those funds in escrow pending a determination concerning potential tax

liability relates to the parties' agreement. (*See* Report, p. 14 ("The plaintiffs contends that the NYDEC defendants also breached the Exchange Agreement by failing to return the net proceeds to them in November after they indicated that they would not be identifying a new property and by **retaining the proceeds** subsequent to the 180 exchange closing period." (emphasis added); *id.*, pp. 14-15 (noting "[P]laintiffs' claimed entitled to the immediate release of their funds following the 45 and 180 periods . . . ."); Amended Complaint ¶ 110 ("Defendant Trinklein and Defendant NYDEC breached the Exchange Agreement and . . . are required to turn over the Exchange Proceeds to Plaintiffs which now amounts to the Escrow Funds."); *id.* ¶ 111 ("Defendant Trinklein and Defendant NYDEC are and continue to be in complete control of the Escrow Funds, which are required to be turned over to the Plaintiff in accordance with the Exchange Agreement.").) NYDEC's alleged non-performance also cannot constitute an intentional tort.

In other words, the basis of the breach of contract, even as characterized by the Report, is the claimed retention of the escrow funds, which is exactly what the Report identifies as the basis for the conversion claim. Whether NYDEC currently retains any of the funds -- as NYDEC asserts it is entitled to do due to Plaintiffs own fraud -- does not give rise to its own and new cause of action. Neither the Amended Complaint nor the Report expressly state otherwise.

Accordingly, this Court should reject that portion of the Report and instead dismiss Plaintiff's claim for conversion.

## CONCLUSION

For the reasons stated herein, Defendants New York Deferred Exchange Corp. respectfully request that the Court: (1) reject those portions of the Report concerning Plaintiffs' claims for negligence and conversion and instead dismiss those claims; (2) adopt those portions of the Report concerning Plaintiff's claims for injunctive relief, an accounting and to pierce the corporate veil; (3) order the $200,000 in escrow funds to be maintained in escrow pending further application to the Court, after it is certain that the NYDEC Defendants do not face liability for the like-kind exchange transaction; and (4) award such other and further relief as is just and proper.

Dated: New York, New York
September 12, 2017

Respectfully submitted,
HINSHAW & CULBERTSON LLP
*Attorneys for Defendants New York Deferred Exchange Corp. and Fritz Trinklein*

By: _____
Alan F. Kaufman
Kristen G. Niven
Philip Touitou

800 Third Avenue, 13th Floor
New York, New York 10022
Tel.: 212.471.6200
Email: akaufman@hinshawlaw.com
Email: kniven@hinshawlaw.com
Email: ptouitou@hinshawlaw.com