```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK                    For Online Publication Only
----------------------------------------------------------------X
ORA NAFTALI and RONI NAFTALI, AS                              FILED
TRUSTEES OF THE EDTOM TRUST DATED                             CLERK
APRIL 10, 2011,
                                                          9/26/2017 1:48 pm

                         Plaintiffs,                      U.S. DISTRICT COURT
                                                       EASTERN DISTRICT OF NEW YORK
                                                            LONG ISLAND OFFICE
              -against-                                        ORDER
                                                          15-cv-7152 (JMA) (ARL)

NEW YORK DEFERRED EXCHANGE CORP.,
 FRITZ TRINKLEIN, and JEFFREY WECHSLER,

                         Defendants.
----------------------------------------------------------------X
```

**AZRACK, United States District Judge:**

Before the Court are objections filed by New York Deferred Exchange Corp. ("NYDEC") to Magistrate Judge Arlene R. Lindsay's Report and Recommendation dated August 15, 2017 (the "R&R").

In their Amended Complaint, plaintiffs advance six causes of action arising out of transactions involving NYDEC. Specifically, plaintiffs assert causes of action for negligence, conversion, and breach of contract against NYDEC and defendant Trinklein, a principal of NYDEC. Plaintiffs also request equitable relief against both NYDEC and Trinklein. Finally, plaintiffs advance a claim for legal malpractice and negligence against Wechsler, who acted as legal counsel for plaintiffs with respect to the transactions involving NYDEC.

On November 11, 2016, NYDEC and Trinklein filed a motion to dismiss the claims against them.[1] The Court referred the motion to Judge Lindsay for report and recommendation on March 16, 2017. In the R&R, Judge Lindsay recommends denying the motion to dismiss plaintiffs'

---

[1] Defendant Wechsler has not moved to dismiss the claims against him.

claims for negligence, conversion, and breach of contract against NYDEC, but recommends granting the motion to dismiss plaintiffs' equitable claims. Judge Lindsay also recommends granting the motion to dismiss all claims against defendant Trinklein, finding that the allegations were insufficient to establish personal liability.

NYDEC objects to the R&R insofar as it recommends denial of the motion to dismiss the negligence and conversion claims. For the reasons that follow, the Court overrules NYDEC's objection and adopts the R&R in its entirety.

## I. STANDARD OF REVIEW

Those portions of a report and recommendation to which there is no specific reasoned objection are reviewed for clear error. See Pall Corp. v. Entegris, Inc., 249 F.R.D. 48, 51 (E.D.N.Y. 2008).

In reviewing a magistrate judge's report and recommendation, a court must "make a de novo determination of those portions of the report or . . . recommendations to which objection[s] [are] made." 28 U.S.C. § 636(b)(1); see also Brown v. Ebert, No. 05–CV–5579, 2006 WL 3851152, at *2 (S.D.N.Y. Dec. 29, 2006). The court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

## II. DISCUSSION

As an initial matter, no party objects to the portions of the R&R other than those concerning the negligence and conversion claims. The Court reviews the portions of the R&R to which no party has objected for clear error. Finding no clear error, the Court adopts those portions of the R&R.

Because NYDEC objects to Judge Lindsay's recommendation that the Court deny the motion to dismiss the negligence and conversion claims, those portions of the R&R are

reviewed de novo.

NYDEC purports to advance two arguments in support of its position that the Court should reject the R&R and grant the motion to dismiss the negligence claim. However, the thrust of both of these arguments is the same—NYDEC argues that plaintiffs have failed to allege a distinct negligence claim and contends that the claim is duplicative of the breach of contract claim. Having conducted a de novo review, the Court disagrees for many of the same reasons identified by Judge Lindsay in the R&R. Simply stated, plaintiffs have adequately pleaded a distinct claim for negligence. The Court therefore adopts the R&R on this point and denies defendant's motion to dismiss the negligence claim.

NYDEC advances a similar argument with respect to the conversion claim, contending that the conversion claim is duplicative of the breach of contract claim. Having conducted a de novo review, the Court disagrees, finding—as Judge Lindsay rightly noted—that plaintiffs have adequately pleaded a distinct conversion claim arising, in part, out of allegations concerning defendant's refusal to return the sale proceeds to plaintiffs when requested.

For the reasons set out above, the Court adopts Judge Lindsay's R&R in its entirety. Defendants' motion to dismiss is therefore granted with respect to the claims for equitable relief, as well as with respect to all claims against defendant Trinklein. Defendants' motion to dismiss is denied with respect to all other claims.

**SO ORDERED.**

Date: September 26, 2017
Central Islip, New York

/s/ (JMA)
Joan M. Azrack
United States District Judge