# KISHNER | MILLER

ATTORNEYS AT LAW
The Graybar Building at Grand Central Station
420 Lexington Avenue, Suite 300
New York, New York 10170
Tel.: (212) 585-3425
Fax: (888) 332-5658
www.KishnerLegal.coM

October 31, 2017

**VIA ECF**
Honorable Joan M. Azrack, U.S.D.J.
U.S.D.C., Eastern District of New York
100 Federal Plaza
Central Plaza, New York 11722

    **Re:**    *Ora Naftali and Roni Naftali, as Trustees of the Edtom Trust v.*
              *New York Deferred Exchange Corp. and Jeffrey L. Wechsler*
              No. 15-cv-7152 (JMA)(ARL) ("Action")
              Request for Pre-Motion Conference Regarding Motion to Dismiss the Defendant's Counterclaims and Third Party Complaint

Dear Judge Azrack:

      As Your Honor is aware, this office represents Ora Naftali and Roni Naftali as trustees of the Edtom Trust, (the "Trust") (hereinafter "Plaintiffs") in the above referenced Action. Pursuant to Your Honor's Local Rule IV(b), we write to request a pre-motion conference in connection with the Plaintiffs' proposed motion to dismiss the counterclaims and third-party complaint asserted by Defendant, New York Deferred Exchange Corp. ("NYDEC" or "Defendant") as against Plaintiffs pursuant to Fed. R. Civ. P. 12.

      This dispute arises from, *inter alia*, NYDEC's refusal to return the Plaintiffs' money it realized from the proceeds of the sale of the Trust's condominium unit 42UI, located at 322 West 57th Street, New York, New York (the "Premises") and NYDEC's role as a purported qualified exchange intermediary for a potential 1031 exchange ("1031 Exchange"). At the closing of the Premises on October 10, 2014, with official bank checks already issued, the Trust's attorney Jeffrey L. Wechsler (hereinafter "Co-Defendant") recommended, for the first time, that the Plaintiffs hire Defendant as a purported qualified exchange intermediary to effectuate a 1031 Exchange. Co-Defendant subsequently facilitated and signed on behalf of the Trust, the 1031 Exchange agreement ("Exchange Agreement")[1] with NYDEC. When the Trust entered into this Exchange Agreement NYDEC knew that the Trust, a foreign entity, could not engage in a 1031 Exchange. At no time did the Defendant communicate, meet, or interact with Plaintiffs as all transactions between the parties were facilitated by the Co-Defendant. The proceeds from the sale of the Premises in the sum of $1,795,405.61 ("Plaintiffs' Monies") were immediately sent to the Defendant to be held in a segregated escrow account. For a period of over one year NYDEC

---

[1] We note for Your Honor, that the Co-Defendant signed the Exchange Agreement on behalf of the Trust when such action may be deemed a non-delegable act taken by a non-trustee of the Trust.

Page | 2

withheld all of the Plaintiffs' Monies and even went so far as to submit improper/incorrect documents to the Internal Revenue Service ("IRS"). In or about April 2015, NYDEC unilaterally prepared and filed with the IRS, Form 8288, U.S. Withholding Tax Return for Dispositions by Foreign Persons of U.S. Real Property Interests and submitted $395,000.00 of the Plaintiffs' Monies to the IRS[2]. Only after the Plaintiffs instituted the Action, the Defendant released a portion of Plaintiffs' Monies, approximately $1,104,206.00, subject to the condition that Plaintiffs' attorneys hold in escrow $200,000.00 which now sits in this Office's Attorney Escrow Account.

On or about October 10, 2017, NYDEC filed its counterclaims and third-party complaint against the Plaintiffs personally ("Third-Party Complaint") and as trustees of the Trust asserting the following eight causes of action against the Plaintiffs as trustees of the Trust (the "Counterclaims"), as well as in their individual capacity (the "Third-Party Claims"): (i) fraud, (ii) negligent misrepresentation, (iii) breach of contract, (iv) quantum meruit, (v) unjust enrichment, (vi) promissory estoppel, (vii) indemnity, and (viii) contribution.

The Third Party Complaint arises out of the Exchange Agreement with the Trust and must be dismissed as there is no privity between NYDEC and Ora Naftali or Roni Naftali (collectively the "Nafatlis") in their personal capacities. The Nafatlis cannot be held personally liable for a contract signed as Trustees on behalf of the Trust. *See East River Sav. Bank v. Samuels,* 284 N.Y. 470, 478 (1940) (holding that "recital in the instruments of the character in which the trustees were acting" and the fact that the instruments "on their face [did] not create personal liability" prevented trustees from being held personally liable for a mortgage executed by trustees on behalf of a trust); *see also Sisler v. Security Pacific Business Credit, Inc.,* 201 A.D.2d. 216 (1st Dep't 1994). As plead in the Third Party Complaint, the Nafatlis were acting as trustees of the Trust during the closing of the sale of the Premises and for the purpose of executing the Exchange Agreement. *See* Third Party Complaint ¶ 11. The first paragraph of the Exchange Agreement states, "EXCHANGE AGREEMENT, made as of this 10th day of October, 2014, by and between Ora Naftali and Roni Naftali as **Trustees of the Edtom Trust** … and [NYDEC][" [emphasis added]. All signature pages in the Exchange Agreement list "The Edtom Trust" as the signatory, never refer to the Nafatlis in their individual capacity and only refers to the Plaintiffs "As Trustees of the Edtom Trust." Moreover, the Defendant and Plaintiffs never met or spoke to one another in any capacity, as Co-Defendant represented the Trust at all times during the negotiation and execution of the Exchange Agreement. Defendant pleads in its Third Party Complaint, that "On October 10, 2014, the Nafatlis, on behalf of the Trust entered into an Exchange Agreement…" *See* Third-Party Complaint ¶11. As plead in the Third Party Complaint, the Nafatlis never acted in their personal capacity with respect to the Exchange Agreement. Therefore the Third-Party Complaint must be dismissed, in its entirety, against the Nafatlis in their individual capacities.

In addition to the Third-Party Claims, Defendant asserted identical causes of action as Counterclaims against the Plaintiffs, as trustees of the Trust. The Counterclaims, except for Defendant's breach of contract claim, must also be dismissed

---

[2] So this Honorable Court is aware, the Plaintiffs have now spent nearly two years fighting with the IRS to obtain back this money improperly and incorrectly submitted by NYDEC to the IRS and, as of the date hereof, still has not received a return of this portion of the Plaintiffs' Monies.

Page | 3

      Defendant's claims of fraud and negligent misrepresentation are duplicative of their breach of contract claim and insufficiently plead. Therefore, they must be dismissed. New York courts have consistently held that where factual allegations of fraud and negligent misrepresentation relate to defendant's duties under a contract, or otherwise arise out of the same facts that serve as the basis for the breach of contract claim, these causes of action have to be dismissed as a matter of law. *See New York Racing Ass'n, Inc. v. Meganews, Inc.,* 2000 WL 307378 at 4 (E.D.N.Y 2016)(relating to fraud claims); *see also, Premier Florida Auto Sales and Leasing, LLC v. Mercedes-Benz of Massapequa, LLC,* 2013 WL 2177785 at 6 (E.D.N.Y. 2013)(relating to the negligent misrepresentation claims). Defendant pleads both of these Counterclaims as arising out of Plaintiffs' obligations under the Exchange Agreement, and are therefore duplicative and must be dismissed. Moreover, Defendant has insufficiently plead both its fraud and negligent misrepresentation Counterclaims as Defendant has incorrectly stated in its Third-Party Complaint that the Plaintiffs made "certifications" and "representations" to the Defendant, to its detriment. However, the Plaintiffs never had any contact with the Defendant leading up to, or on the date of the execution of the Exchange Agreement. Consequently, it is impossible that the Plaintiffs could have misrepresented or defrauded the Defendant, as Plaintiffs never made any representations or statements to Defendant.

      Defendant's Counterclaims of quantum meruit, unjust enrichment, promissory estoppel, and indemnification are all also duplicative of Defendant's breach of contract claim and must be dismissed. It is well-established in the Eastern District that for any of these claims to withstand a motion to dismiss, the moving party must show there is a dispute as to whether a valid and enforceable contract exists. *See Bald Hill Builders, LLC v. 2138 Scuttle Hole Road Realty, LLC,* 2017 WL 3668769 at 4 (E.D.N.Y. 2017)(holding that quantum meruit can only be plead in the alternative to breach of contract, where parties dispute existence of a contract); *Spread Enterprises, Inc. v. First Data Merchant Services Corp.,* 2012 WL 3679319 at 5 (E.D.N.Y. 2012)(holding that unjust enrichment claim is duplicative of a breach of contract claim and can only be maintained in the absence of a valid contract); *Boston Scientific Corp. v. New York Center for Specialty Surgery,* 2015 WL 13227994 at 3 (E.D.N.Y. 2015)(denying plaintiff's right to maintain a promissory estoppel claim where a valid, undisputed contract existed between the parties); *Maspeth Federal Savings and Loan Association v. Fidelity Information Services, LLC,* 2017 WL 3278891 at 5 (E.D.N.Y 2017)(holding where there is a breach of contract claim and a valid contract, a court will not recognize a separate cause of action for common law indemnity).

      Finally, as for Defendant's contribution claim, "[u]nder New York law there is no right of contribution between parties whose potential liability to a third party is for economic loss resulting only from breach of contract." *In re Crazy Eddie Securities Litigation,* 802 F.Supp. 804, 815 (E.D.N.Y. 1992). Therefore, Defendant's contribution claim must also be dismissed.

      For the reasons stated above, Plaintiffs respectfully request that a pre-motion conference be scheduled to discuss their proposed motion to dismiss.

                                                    Respectfully Submitted,

                                                    /S/ Bryan W. Kishner

Cc: Counsel of Record via ECF