

& CULBERTSON LLP

Alan Kaufman
akaufman@hinshawlaw.com

**ATTORNEYS AT LAW**
800 Third Avenue
13th Floor
New York, NY 10022

212-471-6200
212-935-1166 (fax)
www.hinshawlaw.com

November 7, 2017

**Via ECF**

Honorable Joan M. Azrack, U.S.D.J.
Eastern District of New York
100 Federal Plaza
Central Plaza, New York 11722

> Re: *Ora Naftali and Roni Naftali, as Trustees of the Edtom Trust Dated April 10, 2011 v. New York Deferred Exchange Corp., et ano.*
> Case No. 15-cv-7152-JMA-ARL

Dear Judge Azrack:

This firm represents Defendant and Counterclaim Plaintiff/Third-Party Plaintiff New York Deferred Exchange Corp. ("NYDEC") in the referenced matter. We write pursuant to Your Honor's Individual Practices in response to the October 31 letter submitted by Plaintiffs and Counterclaim Defendants Ora Naftali and Roni Naftali (the "Naftalis"), as trustees of the Edtom Trust dated April 10, 2011 (the "Trust") seeking a pre-motion conference.

As an initial point, it is unclear that opposing counsel has standing to move as proposed. Counsel's October 31 letter is only submitted on behalf of the Naftalis, in their capacities as trustees. It is not our understanding that counsel has appeared for the Naftalis in their individual, non-trustee capacities. That is the capacity in which they are being sued in NYDEC's Third-Party Complaint. As such, without an affirmative representation that counsel is representing the Naftalis in their capacities as trustees and individually, any application to dismiss the Third-Party Complaint should not be considered by the Court at this time. In addition, because the Naftalis bear potential liability to the Trust for their false representation, opposing counsel may be conflicted from representing the Naftalis both individually and in their capacity as trustees.

The application should be rejected on the merits, in any event. As the Court is aware, this matter concerns the disposition of $200,000 being held in escrow in order to secure NYDEC's potential liability arising from a failed like-kind property exchange under Internal Revenue Code ("IRC") § 1031. The like-kind exchange failed because the Naftalis and the Trust are "Foreign Persons," as defined by the IRC. However, under the terms of the October 10, 2014 Exchange Agreement (the "Exchange Agreement"), the Naftalis, purportedly in their capacity as trustee of the Trust, certified *under the penalties or perjury*, that the Trust was *not* a "Foreign Person" under IRC § 1445.

But, for the Naftalis' false and misleading representation, NYDEC would not have entered into the Exchange Agreement with the Naftalis.

NYDEC's Answer with Affirmative Defenses, Counterclaims (against the Naftalis, as trustees of the Trust) and Third-Party Complaint (against the Naftalis, in their individual capacities) dated October 10, 2017 contains eight Counterclaims/Third-Party Claims (collectively, the "NYDEC Claims). The eight NYDEC Claims are as follows:

1. Fraud - relating to the Naftalis fraudulently inducing NYDEC to enter into the Exchange Agreement.

2. Negligent Misrepresentation – an alternative to the fraudulent inducement claim, to the extent the Naftalis' culpability only rises to the level of negligence.

3. Breach of contract – for failure to pay the fees under the Exchange Agreement and the fees, costs and expenses charged NYDEC by Greenberg Traurig, LLP, given the obligation under the Exchange Agreement to hold NYDEC harmless and provide it indemnity from any and all claims (and expenses relating thereto).

4. Quantum Meruit – an alternative claim in the event that the Exchange Agreement is declared invalid, void or unenforceable.

5. Unjust Enrichment – an alternative claim in the event that the Exchange Agreement is declared invalid, void or unenforceable.

6. Promissory Estoppel - an alternative claim in the event that the Exchange Agreement is declared invalid, void or unenforceable.

7. Indemnity - to the extent NYDEC faces liability as a result of the failed like-kind property exchange, that liability arises out of the misrepresentation by the Naftalis that the Trust was not a "Foreign Person," and therefore both the Trust and the Naftalis (in their individual capacities) must indemnify NYDEC with respect to that liability.

8. Contribution – to the extent the Trust faces liability as a result of the failed like-kind property exchange, that liability arises out of the misrepresentation by the Naftalis that the Trust was not a "Foreign Person," and therefore the Naftalis are liable in their individual capacities for contribution with respect to that liability.

With respect to the Naftalis in their individual capacities, counsel for the Trust argues that they cannot be liable because they only acted in their capacities as trustee. However, the Naftalis cannot insulate themselves from their own misrepresentations simply by claiming to be acting in a representative capacity. *See Yenrab, Inc. v. 794 Linden Realty, LLC*, 68 A.D.3d 755, 757 (2d Dept. 2009) ("an agent for a disclosed principal may be held liable to a third party where the agent has committed fraud . . . .") (citing *Mastropieri v Solmar Constr. Co.*, 159 AD2d 698, 700, 553 NYS2d 187 (2d Dept. 1990)).

The assertion in the October 31 letter that "it is impossible that [the Naftalis] could have misrepresented or defrauded [NYDEC], as [the Naftalis] never made any representation or

statements to [NYDEC] . . ." is untenable. The Naftalis are people who made a misrepresentation knowingly directed to NYDEC. An agent is not absolved from liability for wrongful conduct merely because the principal is also liable for that misconduct. In other words, the doctrine of *respondeat superior* does not purge an agent of liability from its tortious conduct.[1]

To the extent that the Naftalis, in their individual capacity, are claiming that they are not parties to the Exchange Agreement, NYDEC's quantum meruit, unjust enrichment, promissory estoppel, indemnity and contribution claims are properly asserted against them. In addition, NYDEC could seek to amend the NYDEC Claims to add claims for, *inter alia*, aiding and abetting fraud and/or piercing the corporate veil, for example if the evidence demonstrates that the Naftalis' representations were part of a knowing and intentional tax fraud scheme.

As for the NYDEC Claims against the Naftalis as trustees, they do not dispute the validity of the breach of contract claim, which also gives rise to NYDEC's claim for contractual indemnity. The claims for fraud and negligent misrepresentation are also properly asserted. Contrary to the Naftalis' assertions, those claims are not duplicative of the breach of contract claim, but rather relate to the wrongful inducement of NYDEC to enter into the Exchange Agreement. *See Wyle Inc. v. ITT Corp.*, 130 A.D.3d 438, 439 (1st Dept. 2015) (under New York law, a plaintiff may plead fraud claims alongside contract claims if they "allege misrepresentations of present fact, not merely misrepresentations of future intent to perform under the contract."). Given NYDEC's assertion of tort claims, the Naftalis' contention that the claim for contribution should be dismissed because the NYDEC Claims only concern economic loss resulting from breach of contract is misplaced.

Finally, as to the claims for quantum meruit, unjust enrichment and promissory estoppel, they are alternative claims in the event that the Exchange Agreement is declared invalid, void or unenforceable. *See, e.g., Wilk v. VIP Health Care Servs., Inc.*, No. 10-5530(ILG) (JMA), 2012 WL 560738, at *5, 2012 U.S. Dist. LEXIS 21630 (E.D.N.Y. Feb. 21, 2012) ("while it is true that a claim for quantum meruit or unjust enrichment is precluded when a valid contract governing the same subject matter exists between the parties, a quantum meruit claim may be alleged alongside a breach of contract claim"). Pleading alternative claims for relief is not a meritorious basis for dismissal.

Accordingly, NYDEC respectfully submits that any proposed motion to dismiss by the Naftalis, regardless of in what capacity, lacks merit as a matter of law. We look to discussing these issues further with the Court at its convenience.

Respectfully submitted,
HINSHAW & CULBERTSON LLP

Alan F. Kaufman

---

[1] We note that the October 31 letter fails to address certain unsupported assumptions made by the Naftalis, including (i) whether a foreign trust has legal standing in the United States apart from its trustee/beneficiaries, and (ii) whether, under Israeli law, trustees are insulated from liability for their acts on behalf of a trust. NYDEC reserves the right to address these and other issues in opposition to any motion that the Court may permit.