

40 Fulton Street, 12th Floor
New York, New York 10038
Tel.: (212) 585-3425
Fax: (888) 332-5658
www.kishnerlegal.com

January 16, 2020

*VIA ECF*
Magistrate Judge Arlene R. Lindsay
U.S. Federal District Court
Eastern District of New York
Long Island Federal Courthouse
814 Federal Plaza
Central Islip, New York 11722-4451

> Re: *Ora Naftali and Roni Naftali, as Trustees of The Edtom Trust dated April 10, 2011 v. New York Deferred Exchange Corp., et. al.* (the "Action")
> Case No. 15-cv-07152 (JMA) (ARL)

Dear Judge Lindsay:

This firm represents Plaintiffs in the Action.

As Your Honor may recall, counsel for all parties previously submitted a letter application requesting Your Honor "so-order" a fully executed confidentiality agreement. *See* ECF Dock. No. 59. In response, You Honor denied the application, without prejudice to a further application, detailing three discreet points the Court wanted the parties to revise in their confidentiality agreement. *See* ECF Dock. No. 60. (the "Order")

In response to Your Honor's Order, counsel for all parties met and conferred and revised the proposed confidentiality agreement which we submit addresses Your Honor's concerns in accordance with the Order.

Consequently, counsel for all parties re-submit this joint application and respectfully request Your Honor "so-order" the enclosed confidentiality agreement duly executed by all parties, dated January 8, 2020. (the "Confidentiality Agreement"). Additionally, for Your Honor's easy reference, we also submit a redline version of the Confidentiality Agreement which tracks the parties' changes between the prior agreement and the revised Confidentiality Agreement.

*Ora Naftali and Roni Naftali,*
*v. New York Deferred Exchange Corp., et. al.*
Case No. 15-cv-07152 (JMA) (ARL)
P a g e | **2**

As noted in my prior letter to the Court, all parties are in agreement that any documents produced and deposition testimony given by non-party Pricewaterhouse Coopers in response to the subpoena issued by Defendant New York Deferred Exchange Corporation, dated September 3, 2019 will be subject to the enclosed Confidentiality Agreement we submit to be "so-ordered" by the Court.

We thank Your Honor for your time and attention to our joint application.

Sincerely,

/s/ Jonathan Cohen

Cc:     All Counsel of Record via ECF

        John Marston, counsel for PwC, via e-mail

Encl.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ORA NAFTALI AND RONI NAFTALI, AS TRUSTEES OF THE EDTOM TRUST DATED APRIL 10, 2011<br><br>Plaintiff,<br><br>v.<br><br>NEW YORK DEFERRED EXCHANGE CORP., FRITZ TRINKLEIN, and JEFFREY L. WECHSLER,<br><br>Defendants. | Case No.: 15-cv-07152 (JMA)(ARL)<br><br><br>**<u>PROTECTIVE ORDER</u>** |

LINSAY, United States Magistrate Judge:

The parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for issuance of an appropriately-tailored confidentiality order governing the pre-trial phase of this action, it is therefore hereby

ORDERED that any person subject to this Order -- including without limitation the parties to this action, their representatives, agents, experts and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order -- shall adhere to the following terms, upon pain of contempt:

1.    Any person subject to this Order who receives from any other person any "Discovery Material" (i.e., information of any kind provided in the course of discovery in this action) that is designated as "Confidential" or "Confidential – Attorneys' Eyes Only" pursuant to the terms of this Order shall not disclose such Confidential Discovery Material to  anyone else except as expressly permitted hereunder.  The terms "Confidential" Or "Confidential – Attorneys' Eyes Only" shall carry the same meaning.  The disclosure of a document or information without designating it as "Confidential" or "Confidential – Attorneys' Eyes Only" shall not constitute a waiver of the right to designate such document or information as

"Confidential" or "Confidential – Attorneys' Eyes Only" provided the material is designated pursuant to Paragraph 4 hereof.

2.      The person producing any given Discovery Material may designate as "Confidential" or "Confidential – Attorneys' Eyes Only" only such portion of such material as consists of:

(a)      previously nondisclosed financial information (including without limitation profitability reports or estimates, percentage fees, design fees, royalty rates, minimum guarantee payments, sales reports and sale margins);

(b)      previously nondisclosed material relating to ownership or control of any non-public company;

(c)      previously nondisclosed business plans, product development information, or marketing plans;

(d)      any information of a personal or intimate nature regarding any individual;

(e)      any other category of information hereinafter given confidential status by the Court; or

(f)      any other document, exhibit, answer to interrogatory, response to request for admissions, deposition testimony or transcription if counsel determines, in good faith, that such confidential designation is necessary to protect the interest of the client.

3.      With respect to the Confidential portion of any Discovery Material other than deposition transcripts and exhibits, the producing person or that person's counsel may designate such portion as "Confidential" or "Confidential – Attorneys' Eyes Only" by stamping or otherwise clearly marking accordingly as "Confidential" or

"Confidential – Attorneys' Eyes Only" the protected portion in a manner that will not interfere with legibility or audibility, and by also producing for future public use another copy of said Discovery Material with the confidential information redacted. With respect to deposition transcripts and exhibits, a producing person or that person's counsel may indicate on the record that a question calls for Confidential information, in which case the transcript of the designated testimony shall be bound in a separate volume and marked "Confidential Information Governed by Protective Order" by the reporter.

4.      If at any time prior to the trial of this action, a producing person realizes that some portion[s] of Discovery Material that that person previously produced without limitation should be designated as Confidential, he may so designate by so apprising all parties in writing, and such designated portion[s] of the Discovery Material will thereafter be treated as Confidential under the terms of this Order.

5.      No person subject to this Order other than the producing person shall disclose any Confidential Discovery Material to any other person whomsoever, except to:

(a)      the parties to this action;

(b)      counsel retained specifically for this action, including any paralegal, clerical and other assistant employed by such counsel and assigned to this matter;

(c)      as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

(d)      any witness who counsel for a party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(e)     any person retained by a party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(f)     stenographers engaged to transcribe depositions conducted in this action; and

(g)     the Court and its support personnel.

6.      Prior to any disclosure of any Confidential Discovery Material to any person referred to in subparagraphs 5(d) or 5(e) above, such person shall be provided by counsel with a copy of this Protective Order and shall sign a Non-Disclosure Agreement in the form annexed as an Exhibit hereto stating that that person has read this Order and agrees to be bound by its terms. Said counsel shall retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to opposing counsel either prior to such person being permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first.

7.      Notwithstanding anything to the contrary herein, any party seeking to file documents under seal must first make a motion to the Court for leave to e-file sealed documents pursuant to rules and requirements governing e-filing sealed documents located on the Court's website.   All Confidential Discovery Material filed with the Court, and all portions of pleadings, motions or other papers filed with the Court that disclose such Confidential Discovery Material, may only be filed under seal if the party seeking to file such Confidential Discovery Material provides notice to the other party at least ten (10) days prior to the date in which the party seeks to file such Confidential Discovery Material with the Court.  If the other party objects to sealing of such Confidential Discovery Material then, thereafter, the party

seeking to introduce such Confidential Discovery Material must show good cause to the Court as to why such Confidential Discovery Material should be kept under seal until further order of the Court. The parties will use their best efforts to minimize such sealing. In any event, any party filing a motion or any other papers with the Court under seal shall also publicly file a redacted copy of the same, via the Court's Electronic Case Filing system, that redacts only the Confidential Discovery Material itself, and not text that in no material way reveals the Confidential Discovery Material.

8.     Any party who either objects to any designation of confidentiality, or who, by contrast, requests still further limits on, may at any time prior to the trial of this action serve upon counsel for the designating person a written notice stating with particularity the grounds of the objection or request. If agreement cannot be reached, counsel for all affected persons must meet and confer in a further attempt to resolve disputes regarding confidentiality designations.     If after the meet and confer, the affect persons cannot agree, counsel may make an application may to the Court for a determination of whether the disputed Confidential Discovery Material was properly designated as Confidential.  Any disputed Confidential Discovery Material shall be treated as Confidential until the issue is resolved by the Court.

9.     All persons are hereby placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any Discovery Material introduced in evidence at trial, even if such material has previously been sealed or designated as Confidential. The Court also retains unfettered discretion whether or not to afford confidential treatment to any Confidential Document or information contained in any Confidential Document submitted to the Court in connection with any motion, application, or proceeding that may result in an order

and/or decision by the Court.

10. Each person who has access to Confidential Discovery Material shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

11. If, in connection with this litigation, a party inadvertently discloses information subject to a claim of attorney-client privilege or attorney work product protection ("Inadvertently Disclosed Information"), such disclosure shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection with respect to the Inadvertently Disclosed Information and its subject matter.

12. If a disclosing party makes a claim of inadvertent disclosure, the receiving party shall, within five business days, return or destroy all copies of the Inadvertently Disclosed Information, and provide a certification of counsel that all such information has been returned or destroyed.

13. Within five business days of the notification that such Inadvertently Disclosed Information has been returned or destroyed, the disclosing party shall produce a privilege log with respect to the Inadvertently Disclosed Information.

14. The receiving party may move the Court for an Order compelling production of the Inadvertently Disclosed Information. The motion shall be filed under seal, and shall not assert as a ground for entering such an Order the fact or circumstances of the inadvertent production.

15. The disclosing party retains the burden of establishing the privileged or protected nature of any Inadvertently Disclosed Information. Nothing in this Order shall limit the right of any party to request an in camera review of the Inadvertently Disclosed Information.

16. This Protective Order shall survive the termination of the litigation. Within 30

days of the final disposition of this action, all Discovery Material designated as "Confidential" or "Confidential – Attorneys' Eyes Only" and all copies thereof, shall be promptly returned to the producing person, or, upon permission of the producing person, destroyed. Notwithstanding the aforesaid, the Court shall not be obligated to return any Discovery Material marked "Confidential" or "Confidential – Attorneys' Eyes Only".

17. This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

SO STIPULATED AND AGREED.

**KISHNER MILLER HIMES P.C.**
*Attorneys for Plaintiff/Counterclaim Defendant Ora Naftali and Roni Naftali, as Trustees of the*
*Edtom Trust and Third-Party Defendants Ora Naftali and Roni Naftali*

By: _____
Ryan O. Miller
Jonathan Cohen
40 Fulton Street, 12th Floor
New York, New York 10038
(212) 585-3425

**HINSHAW & CULBERTSON, LLP**
*Attorneys for Defendants/Counterclaim Plaintiffs/Third-Party Plaintiffs*
*New York Deferred Exchanged Corp.*

By: _____
Matthew C. Ferlazzo
800 Third Avenue, 13th Floor
New York, New York 10022
(212) 471-6227

**MILBER MAKRIS PLOUSADIS & SEIDEN, LLP**
*Attorneys for Defendant/Third-Party Cross-Claim Defendant/*
*Second Third-Party Plaintiff Jeffrey L. Wechsler*

By: _____
Peter Seiden
John A. Lentinello
1000 Woodbury Road, Suite 402
Woodbury, New York 11797
(516) 712-4000

**ORLOFF, LOWENBACH, STIFELMAN & SIEGEL, P.A.**
*Attorneys for Third-party Defendant Joseph Taplitzky*

By: _____
Marc C. Singer
44 Whippany RoadSuite 100
Morristown, NJ 07960
Phone: (973) 622-6200

Dated: January 8, 2020

SO STIPULATED AND AGREED.

**KISHNER MILLER HIMES P.C.**
*Attorneys for Plaintiff/Counterclaim Defendant Ora Naftali and Roni Naftali, as Trustees of the Edtom Trust and Third-Party Defendants Ora Naftali and Roni Naftali*

By: _____
Ryan O. Miller
Jonathan Cohen
40 Fulton Street, 12th Floor
New York, New York 10038
(212) 585-3425

**HINSHAW & CULBERTSON, LLP**
*Attorneys for Defendants/Counterclaim Plaintiffs/Third-Party Plaintiffs New York Deferred Exchanged Corp.*

By: _____
Matthew C. Ferlazzo
800 Third Avenue, 13th Floor
New York, New York 10022
(212) 471-6227

**MILBER MAKRIS PLOUSADIS & SEIDEN, LLP**
*Attorneys for Defendant/Third-Party Cross-Claim Defendant/ Second Third-Party Plaintiff Jeffrey L. Wechsler*

By: _____
Peter Seiden
John A. Lentinello
1000 Woodbury Road, Suite 402
Woodbury, New York 11797
(516) 712-4000

**ORLOFF, LOWENBACH, STIFELMAN & SIEGEL, P.A.**
*Attorneys for Third-party Defendant Joseph Taplitzky*

By: _____
Marc C. Singer
44 Whippany RoadSuite 100
Morristown, NJ 07960
Phone: (973) 622-6200

Dated: January 8, 2020

SO ORDERED.

_____

Arlene R. Lindsay
United States Magistrate Judge
Eastern District of New York

Dated:        Central Islip, New York

_____

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ORA NAFTALI AND RONI NAFTALI, AS TRUSTEES OF THE EDTOM TRUST DATED APRIL 10, 2011 | Case No.: 15-cv-07152 (JMA)(ARL) |
| Plaintiff, | **<u>PROTECTIVE ORDER</u>** |
| v. | |
| NEW YORK DEFERRED EXCHANGE CORP., FRITZ TRINKLEIN, and JEFFREY L. WECHSLER, | |
| Defendants. | |

I , _____, acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of those portions of Confidential Discovery Material. I agree that I will not disclose such Confidential Discovery Material to anyone other than for purposes of this litigation and that at the conclusion of the litigation I will return all discovery information to the party or attorney from whom I received it.

By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Eastern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

Dated: _____          _____

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ORA NAFTALI AND RONI NAFTALI, AS TRUSTEES OF THE EDTOM TRUST DATED APRIL 10, 2011<br><br>Plaintiff,<br><br>v.<br><br>NEW YORK DEFERRED EXCHANGE CORP., FRITZ TRINKLEIN, and JEFFREY L. WECHSLER,<br><br>Defendants. | Case No.: 15-cv-07152 (JMA)(ARL)<br><br><br>**PROTECTIVE ORDER** |

LINSAY, United States Magistrate Judge:

The parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for issuance of an appropriately-tailored confidentiality order governing the pre-trial phase of this action, it is therefore hereby

ORDERED that any person subject to this Order -- including without limitation the parties to this action, their representatives, agents, experts and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order -- shall adhere to the following terms, upon pain of contempt:

1.    Any person subject to this Order who receives from any other person any "Discovery Material" (i.e., information of any kind provided in the course of discovery in this action) that is designated as "Confidential" or "Confidential – Attorneys' Eyes Only" pursuant to the terms of this Order shall not disclose such Confidential Discovery Material to  anyone else except as expressly permitted hereunder.  The terms "Confidential" Or "Confidential – Attorneys' Eyes Only" shall carry the same meaning.  The disclosure of a document or information without designating it as "Confidential" or "Confidential – Attorneys' Eyes Only" shall not constitute a waiver of the right to designate such document or information as

"Confidential" or "Confidential – Attorneys' Eyes Only" provided the material is designated pursuant to Paragraph 4 hereof.

2.     The person producing any given Discovery Material may designate as "Confidential" or "Confidential – Attorneys' Eyes Only" only such portion of such material as consists of:

(a)     previously nondisclosed financial information (including without limitation profitability reports or estimates, percentage fees, design fees, royalty rates, minimum guarantee payments, sales reports and sale margins);

(b)     previously nondisclosed material relating to ownership or control of any non-public company;

(c)     previously nondisclosed business plans, product development information, or marketing plans;

(d)     any information of a personal or intimate nature regarding any individual;

(e)     any other category of information hereinafter given confidential status by the Court; or

(f)     any other document, exhibit, answer to interrogatory, response to request for admissions, deposition testimony or transcription if counsel determines, in good faith, that such confidential designation is necessary to protect the interest of the client.

3.     With respect to the Confidential portion of any Discovery Material other than deposition transcripts and exhibits, the producing person or that person's counsel may designate such portion as "Confidential" or "Confidential – Attorneys' Eyes Only" by stamping or otherwise clearly marking accordingly as "Confidential" or

"Confidential – Attorneys' Eyes Only" the protected portion in a manner that will not interfere with legibility or audibility, and by also producing for future public use another copy of said Discovery Material with the confidential information redacted. With respect to deposition transcripts and exhibits, a producing person or that person's counsel may indicate on the record that a question calls for Confidential information, in which case the transcript of the designated testimony shall be bound in a separate volume and marked "Confidential Information Governed by Protective Order" by the reporter.

4.      If at any time prior to the trial of this action, a producing person realizes that some portion[s] of Discovery Material that that person previously produced without limitation should be designated as Confidential, he may so designate by so apprising all parties in writing, and such designated portion[s] of the Discovery Material will thereafter be treated as Confidential under the terms of this Order.

5.      No person subject to this Order other than the producing person shall disclose any Confidential Discovery Material to any other person whomsoever, except to:

(a)     the parties to this action;

(b)     counsel retained specifically for this action, including any paralegal, clerical and other assistant employed by such counsel and assigned to this matter;

(c)     as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

(d)     any witness who counsel for a party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(e)     any person retained by a party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(f)     stenographers engaged to transcribe depositions conducted in this action; and

(g)     the Court and its support personnel.

6.     Prior to any disclosure of any Confidential Discovery Material to any person referred to in subparagraphs 5(d) or 5(e) above, such person shall be provided by counsel with a copy of this Protective Order and shall sign a Non-Disclosure Agreement in the form annexed as an Exhibit hereto stating that that person has read this Order and agrees to be bound by its terms. Said counsel shall retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to opposing counsel either prior to such person being permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first.

7.     Notwithstanding anything to the contrary herein, any party seeking to file documents under seal must first make a motion to the Court for leave to e-file sealed documents pursuant to rules and requirements governing e-filing sealed documents located on the Court's website.   All Confidential Discovery Material filed with the Court, and all portions of pleadings, motions or other papers filed with the Court that disclose such Confidential Discovery Material, may only be filed under seal if the party seeking to file such Confidential Discovery Material provides notice to the other party at least ten (10) days prior to the date in which the party seeks to file such Confidential Discovery Material with the Court.  If the other party objects to sealing of such Confidential Discovery Material then, thereafter, the party

4

seeking to introduce such Confidential Discovery Material must show good cause to the Court as to why such Confidential Discovery Material should be kept under seal until further order of the Court. The parties will use their best efforts to minimize such sealing. In any event, any party filing a motion or any other papers with the Court under seal shall also publicly file a redacted copy of the same, via the Court's Electronic Case Filing system, that redacts only the Confidential Discovery Material itself, and not text that in no material way reveals the Confidential Discovery Material.

8. Any party who either objects to any designation of confidentiality, or who, by contrast, requests still further limits on, may at any time prior to the trial of this action serve upon counsel for the designating person a written notice stating with particularity the grounds of the objection or request. If agreement cannot be reached, promptly, counsel for all affected persons will must meet and confer in a further attempt to resolve disputes regarding confidentiality designations. convene a joint telephone call with the Court to obtain a ruling. If after the meet and confer, the affect persons cannot agree, counsel may make an application may to the Court for a determination of whether the disputed Confidential Discovery Material was properly designated -as Confidential.  Any , disputed Confidential Discovery Material shall be treated as Confidential until the issue is resolved by the Court.

9. All persons are hereby placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any Discovery Material introduced in evidence at trial, even if such material has previously been sealed or designated as Confidential. The Court also retains unfettered discretion whether or not to afford confidential treatment to any Confidential Document or information contained in any Confidential Document submitted to the Court in connection with any motion, application, or proceeding that may result in an order

and/or decision by the Court.

10.     Each person who has access to Confidential Discovery Material shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

11.     If, in connection with this litigation, a party inadvertently discloses information subject to a claim of attorney-client privilege or attorney work product protection ("Inadvertently Disclosed Information"), such disclosure shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection with respect to the Inadvertently Disclosed Information and its subject matter.

12.     If a disclosing party makes a claim of inadvertent disclosure, the receiving party shall, within five business days, return or destroy all copies of the Inadvertently Disclosed Information, and provide a certification of counsel that all such information has been returned or destroyed.

13.     Within five business days of the notification that such Inadvertently Disclosed Information has been returned or destroyed, the disclosing party shall produce a privilege log with respect to the Inadvertently Disclosed Information.

14.     The receiving party may move the Court for an Order compelling production of the Inadvertently Disclosed Information. The motion shall be filed under seal, and shall not assert as a ground for entering such an Order the fact or circumstances of the inadvertent production.

15.     The disclosing party retains the burden of establishing the privileged or protected nature of any Inadvertently Disclosed Information. Nothing in this Order shall limit the right of any party to request an in camera review of the Inadvertently Disclosed Information.

16.     This Protective Order shall survive the termination of the litigation. Within 30

days of the final disposition of this action, all Discovery Material designated as "Confidential" or "Confidential – Attorneys' Eyes Only" and all copies thereof, shall be promptly returned to the producing person, or, upon permission of the producing person, destroyed. Notwithstanding the aforesaid, the Court shall not be obligated to return any Discovery Material marked "Confidential" or "Confidential – Attorneys' Eyes Only".

17.     This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

SO STIPULATED AND AGREED.

**KISHNER MILLER HIMES P.C.**
*Attorneys for Plaintiff/Counterclaim Defendant Ora Naftali and Roni Naftali, as Trustees of the*
*Edtom Trust and Third-Party Defendants Ora Naftali and Roni Naftali*


By: _____ – _____
Ryan O. Miller
Jonathan Cohen
40 Fulton Street, 12th Floor
New York, New York 10038
(212) 585-3425

**HINSHAW & CULBERTSON, LLP**
*Attorneys for Defendants/Counterclaim Plaintiffs/Third-Party Plaintiffs*
*New York Deferred Exchanged Corp.*


By: _____
Matthew C. Ferlazzo
800 Third Avenue, 13th Floor
New York, New York 10022
(212) 471-6227

**MILBER MAKRIS PLOUSADIS & SEIDEN, LLP**
*Attorneys for Defendant/Third-Party Cross-Claim Defendant/*
*Second Third-Party Plaintiff Jeffrey L. Wechsler*


By: _____
Peter Seiden
John A. Lentinello
1000 Woodbury Road, Suite 402
Woodbury, New York 11797
(516) 712-4000

**ORLOFF, LOWENBACH, STIFELMAN & SIEGEL, P.A.**
*Attorneys for Third-party Defendant Joseph Taplitzky*


By: _____
Marc C. Singer
44 Whippany RoadSuite 100
Morristown, NJ 07960
Phone: (973) 622-6200

Dated: July 26, 2019January 8, 2020

SO ORDERED.

_____
Arlene R. Lindsay
United States Magistrate Judge
Eastern District of New York

Dated:          Central Islip, New York
                _____

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ORA NAFTALI AND RONI NAFTALI, AS TRUSTEES OF THE EDTOM TRUST DATED APRIL 10, 2011<br><br>Plaintiff,<br><br>v.<br><br>NEW YORK DEFERRED EXCHANGE CORP., FRITZ TRINKLEIN, and JEFFREY L. WECHSLER,<br><br>Defendants. | Case No.: 15-cv-07152 (JMA)(ARL)<br><br>**PROTECTIVE ORDER** |

I ,_____, acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of those portions of Confidential Discovery Material. I agree that I will not disclose such Confidential Discovery Material to anyone other than for purposes of this litigation and that at the conclusion of the litigation I will return all discovery information to the party or attorney from whom I received it.

By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Eastern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

Dated: _____          _____