

**40 Fulton Street, 12th Floor**
**New York, New York 10038**
**Tel.: (212) 585-3425**
**Fax: (888) 332-5658**
www.kishnerlegal.com

June 15, 2020

**<u>VIA ECF</u>**
The Honorable Arlene R. Lindsay
Magistrate Judge
U.S. District Court-Eastern District of New York
Long Island Federal Courthouse
814 Federal Plaza
Central Islip, New York 11722-4451

> Re: <u>*Ora Naftali et. ano.,* ("Naftalis") *v. New York Deferred Exchange Corp.* ("NYDEC") *et. al.* (the "Action")
> Case No. 15-cv-07152 (JMA) (ARL)</u>

Dear Judge Lindsay:

This firm represents the Naftalis in the Action.

We write in response to the June 11, 2020 letter from counsel for Defendant Jeffrey L. Wechsler requesting that the Court refer the Action to mediation, and concerning the Court's subsequent referral Order.

The Naftalis welcome mediation and hope that mediation can lead to a resolution. We advised all counsel of this view in our attached June 8, 2020 letter.

However, there is a threshold issue that we believe should be addressed. As the Court might recall, NYDEC still holds $200,000.00 in escrow as the remainder of the sales proceeds due the Naftalis from the sale of their apartment in 2014. We believe that no proper basis exists for NYDEC to continue to hold these funds in escrow rather than release them to the Naftalis.

We have written to NYDEC's counsel about this, mostly recently as part of our June 8 letter. That letter referenced our January 8, 2020 letter, previously making the same request. NYDEC has not responded to either of our letters. It has offered no explanation why it continues

*Ora Naftali et ano., v. New York Deferred Exchange Corp., et. al.*
Case No. 15-cv-07152 (JMA) (ARL)
P a g e | **2**

to withhold release of the escrow funds. As we said in both letters to NYDEC's counsel, the IRS has now made its final determination on the tax consequences of the transaction and, moreover, the statute of limitations on any deficiency or other tax assessment has run. No basis remains for withholding the funds now.

Respectfully, we believe that this issue should be carved out of the mediation referral. We think that the parties will be better served if the mediation at the start can focus on the underlying contested issues, rather than become bogged down in an uncontested one. Unless NYDEC now advises us that it will release the escrow funds, we request that the Court conference this singular issue. Addressing the issue now, we believe, we help the mediation succeed. We are available for a conference at the Court's earliest convenience.

We also raise an important scheduling matter. We believe it sensible, and most efficient for the Court and all parties, to adjourn the current dates for submitting a pre-trial order and for the final conference (July 14th and July 16th, respectively). Doing so will best enable the parties to focus their limited time and efforts on the mediation itself and also serve the interest of judicial economy. While Defendants' joint letter for mediation did not make this request, we believe they will concur.

We thank Your Honor for your time and attention to this matter and hope that everyone at the Court is safe and well.

Sincerely,

/s/ Jonathan Cohen


Cc: All Counsel of Record via ECF


Encl.



40 Fulton Street, 12th Floor
New York, New York 10038
Tel.: (212) 585-3425
Fax: (888) 332-5658
www.kishnerlegal.com

June 8, 2020

**VIA EMAIL**
Mr. Matthew C. Ferlazzo
800 Third Avenue, 13th Floor
New York, New York 10022

Mr. John A. Lentinello
1000 Woodbury Road, Suite 402
Woodbury, New York 11797

Mr. Xiao Sun
44 Whippany Road, Suite 100
Morristown, New Jersey 07960

        Re:    *Ora Naftali and Roni Naftali, as Trustees of The Edtom Trust dated April 10, 2011 ("Naftalis") v. New York Deferred Exchange Corp. ("NYDEC") et al.* Case No. 15-cv-07152 (JMA) (ARL)

Counsel:

    Mr. Wechsler's counsel has suggested that this case is well-suited for mediation and, therefore, that the parties jointly request the Court to refer the case to the E.D.N.Y. mediation program. We concur. We will join in a referral request, subject to one caveat.

    There is no reason to complicate the mediation with the immediate, threshold issue of NYDEC's obligation to release the $200,000.00 held in escrow under the Naftalis and NYDEC's Escrow Agreement. This release cannot be "in issue," or held up any longer now. For mediation to be productive, the escrow release needs to occur now.

    Mr. Ferlazzo, I wrote to you about this on January 8, 2020, again demanding that NYDEC authorize the release of the escrow funds. A copy of my January 8th letter is enclosed. Tellingly, you never responded to that letter. Putting aside our view that there was no proper basis to withhold this money from the Naftalis in the first place, recent developments establish that no conceivable grounds exist for continuing to withhold this money.

To make a long story short, and so that other counsel are fully informed: $200,000 of the purchase price from the Naftalis' sale of their apartment is in escrow because NYDEC asserted that it needed to be "protected" in the event the IRS imposed a financial penalty or deficiency assessment on it, as the Section 1031 intermediary and a putative "withholding agent" for the sale. The assertion was dubious, at best, from day-one. But we need not debate that now. As I advised in my January 8 letter, in December 2019 the IRS issued its determination. That determination eliminates NYDEC's position.

Specifically, the IRS made a *no-liability* determination. Again I attach each of the Form 1040NR account transcripts pertaining to Ora and Roni Naftali (included previously with my January 8 letter). The transcripts confirm that there exists "0.00" as the "account balance," for "accrued interest," as an "accrued penalty," as "additional tax assessed," and for "additional account action pending." In fact, the IRS concluded that the Naftalis were entitled to a tax *refund* (each in the amount of $146,300.42, totaling $292,600.84). They have received the refund checks (copies also again attached).

Although it does not matter, since the IRS has now made its final determination on the tax consequences of the transaction, the statute of limitations for tax liability arising from the Form 8288 filing here is three years from the April 2015 closing date. (NYDEC's counsel acknowledged this in a June 24, 2016 letter to the Court, ECF Doc. No. 13). That date has passed, obviously. The IRS is time barred from taking any further action that could affect NYDEC.

Accordingly, no basis exists to continue to escrow these funds. We request, yet again, that NYDEC promptly authorize and consent to their release.

As noted, we concur that mediation is a constructive approach. But there is nothing to mediate on the release of the escrow money. That issue needs to be put to bed now. We can then proceed to mediate the remaining issues. We ask that NYDEC authorize the release no later than this Friday, June 12, 2020.

Finally, to proceed to mediation, we will need to contact the Court, and the Court must so-order our stipulation. E.D.N.Y. Local Rule 83.8(b)(1). (Absent a stipulation, we will ask the Court to direct mediation.) If NYDEC fails to authorize the release of the escrow funds, we will bring this failure to the Court's attention in connection with seeking the mediation referral order. Also, it would serve mediation efforts to request the Court adjourn the scheduled submission of a proposed pre-trial order and final conference currently scheduled for July 14th and July 16th respectively.

I remain,

Very truly yours,

Jonathan Cohen

Encl.



40 Fulton Street, 12th Floor
New York, New York 10038
Tel.: (212) 585-3425
Fax: (888) 332-5658
www.kishnerlegal.com

January 8, 2020

**VIA EMAIL**
Mr. Matthew C. Ferlazzo
HINSHAW & CULBERTSON LLP
800 Third Avenue, 13th Floor
New York, New York 10022

      Re:   *Ora Naftali and Roni Naftali, as Trustees of The Edtom Trust dated April 10, 2011 ("Plaintiffs") v. New York Deferred Exchange Corp. et al.*
            Case No. 15-cv-07152 (JMA) (ARL)

Mr. Ferlazzo:

    As you are aware, Mr. and Mrs. Naftali have been working diligently with counsel and their accounting professionals to obtain a refund from the IRS related to their 2014 tax year overpayments. I write to advise you the IRS has determined that Mr. and Mrs. Naftali are entitled to a refund as a result of their 2014 tax year overpayments in the amount of **$292,600.84**.

    I know your client has eagerly awaited a determination from the IRS relating to Mr. and Mrs. Naftali's tax overpayment because your client has taken the position that it could potentially be held liable as a "withholding agent" should the IRS determine there was a deficiency or, for some reason, money was owed to the IRS, as a consequence of the sale of the Edtom Trust's condominium unit 42U1 located at 322 West 57th Street, New York, NY 10019 (the "Sale") which occurred on October 10, 2014 and your client's role in holding the entire net proceeds of the Sale in the sum of $1,795,025.61 as a qualified intermediary under IRC § 1031.

    As you know, throughout this action and prior thereto, our firm, on behalf of Mr. and Mrs. Naftali, disagreed with your client's position stating, among other things, that our clients were entitled to a refund from the IRS and your client would not be held liable as no money (including any purported penalties) were due or owed to the IRS as a result of the Sale.

    For your reference, (and a more formal production will be forthcoming), the enclosed IRS 1040NR tax transcripts show that refunds were issued to both Ora and Roni Naftali, each in the

amount of $146,300.42 (for a total refund of $292,600.84). I also note for you, that the attached IRS 1040NR transcripts, confirm that there exists no account balance, account interest, or **account penalty**. Additionally, enclosed for your reference are copies of the refund checks issued by the IRS in favor of our clients, Mr. and Mrs. Naftali.

As you know, on or about January 5, 2016, our clients entered into an escrow agreement in which they agreed this firm would maintain $200,000.00 of Mr. and Mrs. Naftali's net sale proceeds realized from the Sale ("Escrow Funds") because NYDEC insisted the Escrow Funds be held to protect it against possible penalties and liability from the IRS.

Now that the IRS has issued its formal determination and issued refunds to Mr. and Mrs. Naftali, buttressed by the IRS evidencing on its 1040 NR transcripts that no penalties are owed on account of Mr. and Mrs. Naftali, this firm, once again, ***demands that your client, NYDEC, immediately authorize the release of the Escrow Funds to Mr. and Mrs. Naftali.***

At this juncture, I fail to see any legal basis for your client to withhold the Escrow Funds. NYDEC's position has changed numerous times since the inception of this case. In fact, your firm represented to the Court, in a letter dated June 24, 2016, that any potential liability against NYDEC stemming from the improperly filed Form 8288 as a withholding agent had a three year statute of limitations. *See* ECF Dock. No. 13 ("there is a three year statute of limitations on claims by the IRS. *See, e.g.,* IRC § 6501.").

By your own argument, that time came and went in April 2018. Yet, here we are in 2020 and your client is still withholding the Escrow Funds. In that same letter, your firm alluded to "other reasons" for withholding the Escrow Funds. No further "reasons" have been provided, nor, at this time, can any other basis be shown as a result of the IRS refund to Mr. and Mrs. Naftali and the determination that no penalties are due.

However, to the extent that NYDEC continues to want protection for some yet to be explained reason, our clients continue to offer (as they have offered since prior to the commencement of this action in 2015) to indemnify NYDEC against liability if your client still believes the IRS can still assert claims against your client as a "withholding agent." I do wish to note this offer of indemnification is a substantive offer to your client, as Mr. and Mrs. Naftali maintain ownership of a condominium unit (through a trust) in the same condominium building as the apartment which was the subject of the Sale.

Please advise as soon as possible whether NYDEC will agree to immediately release the Escrow Funds.

I remain,

Very truly yours,

Jonathan Cohen

Encl.



```
                This Product Contains Sensitive Taxpayer Data
```

# Account Transcript

|  |  |
|---|---|
| Request Date: | 12-19-2019 |
| Response Date: | 12-19-2019 |
| Tracking Number: | ■■■■ |

FORM NUMBER:      1040NR
TAX PERIOD:       Dec. 31, 2014

TAXPAYER IDENTIFICATION NUMBER:   XXX-XX-■■■■

OR NAFT
C/ BRYA KISH
40 FUL

```
            --- ANY MINUS SIGN SHOWN BELOW SIGNIFIES A CREDIT AMOUNT ---
```

ACCOUNT BALANCE:                                        0.00
ACCRUED INTEREST:                                       0.00     AS OF: Dec. 30, 2019
ACCRUED PENALTY:                                        0.00     AS OF: Dec. 30, 2019

ACCOUNT BALANCE PLUS ACCRUALS
(this is not a payoff amount):                          0.00

```
                ** INFORMATION FROM THE RETURN OR AS ADJUSTED **
```

EXEMPTIONS:                                               01
FILING STATUS:                          Married Filing Separate
ADJUSTED GROSS INCOME:                             368,014.00
TAXABLE INCOME:                                    326,376.00
TAX PER RETURN:                                     62,986.00
SE TAXABLE INCOME TAXPAYER:                              0.00
SE TAXABLE INCOME SPOUSE:                                0.00
TOTAL SELF EMPLOYMENT TAX:                               0.00

RETURN DUE DATE OR RETURN RECEIVED DATE (WHICHEVER IS LATER)    Apr. 18, 2018
PROCESSING DATE                                                 Jul. 02, 2018

```
                                    TRANSACTIONS
```

| CODE | EXPLANATION OF TRANSACTION | CYCLE | DATE | AMOUNT |
|---|---|---|---|---|
| 150 | Tax return filed | ■■■■ | 07-02-2018 | $62,986.00 |
| n/a | ■■■■ | | | |

| | | | | |
|---|---|---|---|---|
| 166 | Penalty for filing tax return after the due date 07-02-2028 | | 07-02-2018 | $15,746.50 |
| 196 | Interest charged for late payment | | 07-02-2018 | $9,725.00 |
| 971 | Notice issued CP 0011 | | 07-02-2018 | $0.00 |
| 971 | Tax period blocked from automated levy program | | 02-25-2019 | $0.00 |
| 766 | Credit to your account | | 06-15-2015 | -$197,500.00 |
| 290 | Additional tax assessed 00-00-0000 | | 12-09-2019 | $0.00 |
| n/a | ▓▓▓▓▓▓▓▓ | | | |
| 167 | Reduced or removed penalty for filing tax return after the due date | | 12-09-2019 | -$15,746.50 |
| 197 | Reduced or removed interest charged for late payment | | 12-09-2019 | -$9,725.00 |
| 971 | Notice issued CP 0021 | | 12-09-2019 | $0.00 |
| 570 | Additional account action pending | | 12-09-2019 | $0.00 |
| 571 | Resolved additional account action | | 12-23-2019 | $0.00 |
| 846 | Refund issued | | 12-13-2019 | $146,300.42 |
| 776 | Interest credited to your account | | 12-23-2019 | -$11,786.42 |

This Product Contains Sensitive Taxpayer Data



```
                    This Product Contains Sensitive Taxpayer Data
```

# Account Transcript

|  |  |
|---|---|
| Request Date: | 12-19-2019 |
| Response Date: | 12-19-2019 |
| Tracking Number: | |

FORM NUMBER:      1040NR
TAX PERIOD:       Dec. 31, 2014

TAXPAYER IDENTIFICATION NUMBER:   XXX-XX-

RO NAFT
C/ BRYA KISH
40 FUL

```
        --- ANY MINUS SIGN SHOWN BELOW SIGNIFIES A CREDIT AMOUNT ---
```

| | | |
|---|---|---|
| ACCOUNT BALANCE: | 0.00 | |
| ACCRUED INTEREST: | 0.00 | AS OF: Dec. 30, 2019 |
| ACCRUED PENALTY: | 0.00 | AS OF: Dec. 30, 2019 |

ACCOUNT BALANCE PLUS ACCRUALS
(this is not a payoff amount):                                  0.00

```
              ** INFORMATION FROM THE RETURN OR AS ADJUSTED **
```

| | |
|---|---|
| EXEMPTIONS: | 01 |
| FILING STATUS: | Married Filing Separate |
| ADJUSTED GROSS INCOME: | 368,010.00 |
| TAXABLE INCOME: | 326,372.00 |
| TAX PER RETURN: | 62,986.00 |
| SE TAXABLE INCOME TAXPAYER: | 0.00 |
| SE TAXABLE INCOME SPOUSE: | 0.00 |
| TOTAL SELF EMPLOYMENT TAX: | 0.00 |

| | |
|---|---|
| RETURN DUE DATE OR RETURN RECEIVED DATE (WHICHEVER IS LATER) | Apr. 15, 2018 |
| PROCESSING DATE | Jul. 02, 2018 |

```
                                TRANSACTIONS
```

| CODE | EXPLANATION OF TRANSACTION | CYCLE | DATE | AMOUNT |
|---|---|---|---|---|
| 150 | Tax return filed | | 07-02-2018 | $62,986.00 |
| n/a | | | | |

| Code | Description | Date | Amount |
|---|---|---|---|
| 166 | Penalty for filing tax return after the due date 07-02-2028 | 07-02-2018 | $15,746.50 |
| 196 | Interest charged for late payment | 07-02-2018 | $9,725.00 |
| 971 | Notice issued CP 0011 | 07-02-2018 | $0.00 |
| 971 | Tax period blocked from automated levy program | 02-25-2019 | $0.00 |
| 766 | Credit to your account | 06-15-2015 | -$197,500.00 |
| 290 | Additional tax assessed 00-00-0000 | 12-09-2019 | $0.00 |
| n/a | | | |
| 167 | Reduced or removed penalty for filing tax return after the due date | 12-09-2019 | -$15,746.50 |
| 197 | Reduced or removed interest charged for late payment | 12-09-2019 | -$9,725.00 |
| 971 | Notice issued CP 0021 | 12-09-2019 | $0.00 |
| 570 | Additional account action pending | 12-09-2019 | $0.00 |
| 571 | Resolved additional account action | 12-23-2019 | $0.00 |
| 846 | Refund issued | 12-13-2019 | $146,300.42 |
| 776 | Interest credited to your account | 12-23-2019 | -$11,786.42 |

```
This Product Contains Sensitive Taxpayer Data
```






**United States Treasury** 15-51/000   B 130,910,429

Check No.

12 13 19         KANSAS CITY, MO
                                I    2

Pay to the order of

ORA NAFTALI
C/O BRYAN KISHNER
40 FULTON ST 12TH FLOOR
NEW YORK NY 10038 1850

$**146300*42



REGIONAL DISBURSING OFFICER    **VOID AFTER ONE YEAR**

008

NAFT  PHILAD  12/2014  TAX REFUND  30
INT $  11,786.42



⑉40381⑉



# United States Treasury

15-51/000  B 130,910,433



12 13 19  KANSAS CITY, MO

I

Check No.



Pay to the order of

RON NAFTALI
C/O BRYAN KISHNER
40 FULTON ST 12TH FLOOR
NEW YORK NY 10038 1850

$**146300*42

REGIONAL DISBURSING OFFICER  **VOID AFTER ONE YEAR**

008

*Vona S. Robinson*



008297

NAFT  BROOKH  12/2014  TAX REFUND  30
INT $  11,786.42

⑊"4038 1"⑊

