UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ORA NAFTALI AND RONI NAFTALI, AS TRUSTEES OF THE EDTOM TRUST,<br><br>    Plaintiff ,<br><br>          - v –<br><br>NEW YORK DEFERRED EXCHANGE CORP., AND JEFFREY WECHSLER<br><br>    Defendants. | Civil Action No. 15-cv-7152 (JMA)(ARL) |

| |
|---|
| NEW YORK DEFERRED EXCHANGE CORP.,<br><br>    Counterclaim Plaintiff,<br><br>          - v -<br><br>ORA NAFTALI AND RONI NAFTALI, AS TRUSTEES OF THE EDTOM TRUST,<br><br>    Counterclaim Defendants. |
| NEW YORK DEFERRED EXCHANGE CORP.,<br><br>    Third-Party Plaintiff,<br><br>          - v -<br><br>ORA NAFTALI AND RONI NAFTALI,<br><br>    Third-Party Defendants. |
| ORA NAFTALI AND RONI NAFTALI,<br><br>    Third-Party Counterclaim Plaintiffs,<br><br>          - v -<br><br>NEW YORK DEFERRED EXCHANGE CORP<br><br>    Third-Party Counterclaim Defendants. |
| ORA   NAFTALI   AND   RONI   NAFTALI<br>          - v -<br>    Third-Party Cross-Claim Plaintiffs,<br><br>          -v-<br><br>JEFFREY L. WECHSLER,<br><br>    Third-Party Cross-Claim Defendants. |

| |
|---|
| JEFFREY L. WECHSLER, |
|     Third-Party Plaintiff, |
|       -v- |
| JOSEPH TAPLITZKY, |
|     Third-Party Defendant. |

**STATEMENT OF MATERIAL FACTS IN SUPPORT OF
DEFENDANT NEW YORK DEFERRED EXCHANGE CORPORATION'S
MOTION FOR SUMMARY JUDGMENT**

Pursuant to Federal Rule of Civil Procedure 56(b), Defendant/Counterclaim Plaintiff/Third-Party Plaintiff/Third-Party Counterclaim Defendant New York Deferred Exchange Corporation ("NYDEC") respectfully submits this Statement of Material Facts in support of its motion for summary judgment:

1. Ora Naftali is and always has been a citizen of Israel. *See* Joint Pretrial Statement at p. 20, ¶ 1 (D.E. 74).

2. Roni Naftali is and always has been a citizen of Israel. *See* Joint Pretrial Statement at p. 20, ¶ 1(D.E. 74).

3. Ora Naftali has never been a citizen of the United States. *See* Joint Pretrial Statement at p. 20, ¶ 1 (D.E. 74).

4. Roni Naftali has never been a citizen of the United States. *See* Joint Pretrial Statement at p. 20, ¶ 1 (D.E. 74).

5. On April 10, 2011, Ora and Roni Naftali created the Edtom Trust. *See* Joint Pretrial Statement at p. 20, ¶ 4(D.E. 74)

6. On May 5, 2011, Edtom Trust purchased 322 West 57th Street, Unit 42U1, New York, New York ("the Apartment"). *See* Joint Pretrial Statement at p. 21, ¶ 14 (D.E. 74); *see also* Ex. A.[1]

7. From May 5, 2011 to October 10, 2014 the Apartment was used strictly for investment purposes as a rental property. During this time period, Ora Nafali, Roni Naftali and the Edtom Trust failed to file income tax returns and never obtain a tax identification number. *See* O. Naftali Dep. Tr. at 41:19- 42:17 & 54:7-55:25 (Ex. I).

8. On October 10, 2014, Edtom Trust closed on the sale of the Apartment. *See* Joint Pretrial Statement at p. 22, ¶¶ 22-23 (D.E. 74), *see also* Ex. A.

9. Ora Naftali and Roni Naftali attended the closing of the Apartment on October 10, 2014. *See* J. Wechsler Dep. Tr. at 72:6-22 (Ex. L).

10. On October 10, 2014, the purchaser paid Edtom Trust $3,950,000 to purchase the Apartment. *See* Joint Pretrial Statement at p. 22, ¶ 23 (D.E. 74), *see also* Ex. A.

11. The net proceeds due Edtom Trust as a result of the sale of the Apartment were $1,795,405.61 (the "Proceeds"). *See* Joint Pretrial Statement at p. 22, ¶ 26 (D.E. 74), *see also* Ex. A.

12. The Edtom Trust faced potential tax consequences as a result of the sale of the Apartment, including possible capital gains taxes and FIRTPA withholding tax. *See* Joint Pretrial Statement p. 21, ¶ 21 (D.E. 74).

---

[1] All references to Exhibits refer to the documents annexed to the Declaration of Matthew C. Ferlazzo, dated February 19, 2021, submitted herewith in support of NYDEC's motion for summary judgment.

13. At the closing table, Defendant Jeffrey Wechsler and Third-Party Defendant Joseph Taplitzky, explained to Plaintiffs that they may be able to avoid or limit the tax consequences of the sale through a Section 1031 like-kind property exchange. *See* Joint Pretrial Statement at p. 22, ¶¶ 25 & 28 (D.E. 74); J. Wechsler Dep. Tr. at 70:12-22 & 75:14-76:30 (Ex. L); J. Taplitzky Dep. Tr. at 81:23-83:24 (Ex. M).

14. On October 10, 2014, the Foreign Investment in Real Property Tax Act of 1980 required that when a "foreign person" disposed of U.S. real property, the "transferee" deduct and withhold a tax equal to ten percent of the amount the "transferee" paid to the "foreign person" to purchase the property (the "FIRPTA Withholding Tax", 26 U.S.C. § 1445(a)). *See* Joint Pretrial Statement p. 21, ¶ 21 (D.E. 74).

15. From the date of its creation through today, including October 10, 2014, Edtom Trust was a "foreign person" as defined by 26 U.S.C. § 1445(f)(3). *See* Joint Pretrial Statement pp. 20-21, ¶¶ 6 & 20 (D.E. 74).

16. On October 10, 2014, Jeffrey Wechsler called NYDEC President Fredrich Trinklein and asked if NYDEC would act as a "Qualified Intermediary" for Plaintiffs' contemplated 1031 exchange. *See* Joint Pretrial Statement (D.E. 74) and J. Wechsler Dep. Tr. at 85:6-87:8, 92:12-95:14 & 268:14-17 (Ex. L).

17. At the time of the phone call from Jeffrey Wechsler to NYDEC on October 10, 2014, checks relating to the sale of the Apartment had not been handed to Plaintiffs. *See* F. Trinklein Dep. Tr. at 72:15-22 (Ex. J); s*ee also* J. Wechsler Dep. Tr. at 270:10-20(Ex. L).

18. On October 10, 2014 NYDEC was not informed that checks relating to the sale of the Apartment had been delivered to Plaintiffs. *See* F. Trinklein Dep. Tr. at 72:15-22 (Ex. J).

4

19. On October 10, 2014, Ora Naftali signed the Exchange Agreement with NYDEC. *See* Joint Pretrial Statement p. 22, ¶ 30 (D.E. 74) and Ex. B.

20. On October 10, 2014, Roni Naftali signed the Exchange Agreement with NYDEC. *See* Joint Pretrial Statement p. 22, ¶ 30 (D.E. 74) and Ex. B.

21. At the time of executing the Exchange Agreement, neither the Edtom Trust nor Ora or Roni Naftali had a tax identification number, social security number or employment identification number. *See* Joint Pretrial Statement p. 21, ¶¶ 19 & 20 (D.E. 74).

22. The Exchange Agreement provides in Art. 6(B) at p. 7: "QI makes no guarantee, promise or other representation with respect to the validity, viability or qualification of this transaction for IRC Section 1031". *See* Exchange Agreement Art. 6(B), at p. 7 (Ex. B).

23. In the Exchange Agreement, Ora and Roni Naftali agreed to pay NYDEC a fee of $3,100 for acting as the qualified intermediary. This fee has never been paid to NYDEC. *See* Exchange Agreement Art. 8(D), at p. 9 (Ex. B); F. Trinklein Decl., ¶4 (Ex. K).

24. The Proceeds were transferred to NYDEC. *See* Joint Pretrial Statement p. 23, ¶¶ 32 & 34 (D.E. 74).

25. Upon accepting the Proceeds, NYDEC was required to act as the withholding agent for purposes of paying the FIRPTA Withholding Tax due as a result of the Sale. *See* Joint Pretrial Statement p. 23, ¶ 39 (D.E. 74).

26. On November 18, 2014, Mr. Wechsler notified NYDEC that Plaintiffs no longer wished to move forward with the Section 1031 exchange. *See* Ex. C.

27. On December 9, 2014, Mr. Wechsler notified NYDEC that Plaintiffs had identified a replacement property and wanted to move forward with the Section 1031 exchange. *See* Ex. D.

28. On April 10, 2015, with Plaintiffs consent, NYDEC filed a Form 8288 with the IRS, and paid to the IRS the FIRPTA Withholding Tax due as a result of the sale of the Apartment. *See* Joint Pretrial Statement pp. 23-24, ¶¶ 40- 43 (D.E. 74); *see also* Exs. F & H.

29. On April 10, 2015, NYDEC submitted a check payable to New York State in the amount of paid $96,206.00, representing the required New York State withholding tax on behalf of Plaintiffs. *See* Joint Pretrial Statement p. 23, ¶ 44 (D.E. 74).

30. After paying the FIRPTA withholding tax, NYDEC continued to be concerned that it had been implicated in Plaintiffs tax fraud, and, based on advice provided by counsel hired by NYDEC, was concerned that it faced potential liability if the IRS asserted that the Form 8288 and the FIRPTA withholding tax had been filed and paid late (defined by the IRS as more than 20 days after the "Date of Transfer"). *See* F. Trinklein Dep. Tr. at 182:21-184:7 & 195:2-15 (Ex. J).

31. NYDEC engaged in discussions with Plaintiffs' counsel to address NYDEC's concerns by returning the vast majority of the remaining the Proceeds to them and holding a small portion of the Proceeds in escrow. *See* F. Trinklein Dep. Tr. at 189:20-190:18 & 195:2-15 (Ex. J).

32. The IRS issued a Tax Identification Number to the Edtom Trust on July 9, 2015. *See* Ex. G.

33. NYDEC and Plaintiffs, through their counsel, entered into an agreement on January 5, 2016 which states, *inter alia,* "[e]scrow Agent agrees to continue to hold the sum of Two Hundred Thousand Dollars ($200,000.00) ("Balance of Escrow") until there is an adjudication determining the disbursement of the Balance of Escrow in the Action or a further agreement of both the Plaintiff and Defendants." *See* Ex. H.

| | |
|---|---|
| Dated: February 19, 2021<br>New York, NY | **HINSHAW & CULBERTSON LLP**<br>*Attorneys for Defendant and Counterclaim Plaintiff/*<br>*Third-Party Plaintiff/Third-Party Counterclaim*<br>*Defendant New York Deferred Exchange Corp.*<br><br>By: /s/ Matthew C. Ferlazzo<br>     Matthew C. Ferlazzo<br><br>800 Third Avenue, 13th Floor<br>New York, NY 10022<br>Tel: 212-471-6200<br>Email: mferlazzo@hinshawlaw.com |