# Exhibit H

## AGREEMENT

**THIS AGREEMENT** ("Agreement") is made and entered into this 5th day of January, 2016 ("Effective Date"), by and among Law Offices of Kishner & Miller by Ryan O. Miller, Esq. ("Mr. Miller") on behalf of Ora Naftali and Roni Naftali as Trustees of the Edtom Trust dated April 10, 2011 ("Plaintiff") and Evan Metalios, Esq. ("Mr. Metalios") on behalf of New York Deferred Exchange Corp. and Fritz Trinklein (collectively the "Defendants").

### WITNESSETH:

**WHEREAS**, the Plaintiff has instituted a litigation in the United States District Court, Eastern District of New York entitled *Ora Naftali and Roni Naftali as Trustees of the Edtom Trust dated April 10, 2011 v. New York Deferred Exchange Corp. and Fritz Trinklein* bearing the Civil Action No. 15 CV-7152 (hereinafter the "Action");

**WHEREAS**, the Defendants collected a total sum of $1,795,406.61 from the Plaintiff ("Total Sum Collected"). From the Total Sum Collected, the Defendants on or about April 9, 2015 issued the sum of $395,000 via Sterling National Bank Cashier's Check Number 211199 payable to "United States Treasury" representing a "10% FIRPTA Withholding Tax." In addition from the Total Sum Collected, the Defendants issued on or about April 14, 2015 the sum of $96,206 via Sterling National Bank Cashier's Check Number 211203 payable to New York State Income Tax. Both checks were issued with the consent of Plaintiff

**WHEREAS**, the Defendants are currently holding the Plaintiff's alleged monies in the sum of $1,304,199.61 in their escrow account ("Escrow Monies");

**WHEREAS**, the Plaintiff and Defendant are agreeing to enter into this Agreement with a full reservation of all rights, claims or defenses of or related to the Action;

**WHEREAS**, Mr. Miller hereby represents that he has the full and complete authority to enter into and bind the Plaintiff pursuant to the terms of this Agreement;

**WHEREAS**, Mr. Metalios hereby represents that he has the full and complete authority to enter into and bind the Defendants pursuant to the terms of this Agreement;

**NOW, THEREFORE**, it is hereby acknowledged that the Parties hereto agree as follows:

1. The Defendants agree and shall simultaneously as of the Effective Date, release the entire Escrow Monies to Law Offices of Kishner & Miller ("Escrow Agent").

2. The Escrow Agent is hereby authorized to disburse the sum of One Million One Hundred Four Thousand One Hundred Ninety-Nine Dollars and 61/100 ($1,104,199.61) immediately to the Plaintiff.

3. The Escrow Agent agrees to continue to hold the sum of Two Hundred Thousand Dollars ($200,000.00) ("Balance of Escrow") until there is an adjudication

determining the disbursement of the Balance of Escrow in the Action or a further agreement of both the Plaintiff and Defendants.

4. (a) Escrow Agent shall hold the Balance of Escrow in accordance with Paragraph 3 above in escrow in a segregated interest bearing account. Any interest shall be paid to the party entitled to the Balance of Escrow and the party receiving the interest shall pay any income taxes thereon. The Social Security or Federal Identification numbers of the parties shall be furnished to Escrow Agent upon request.

(b) The parties acknowledge that Escrow Agent is acting solely as a stakeholder at their request and for their convenience and that Escrow Agent shall not be liable to either party for any act or omission on its part unless taken or suffered in bad faith or in willful disregard of this Agreement or involving gross negligence on the part of Escrow Agent. Plaintiff and Defendants jointly and severally (with right of contribution) agree to defend (by attorneys selected by Escrow Agent), indemnify and hold Escrow Agent harmless from and against all costs, claims and expenses (including reasonable attorneys' fees) incurred in connection with the performance of Escrow Agent's duties hereunder, except with respect to actions or omissions taken or suffered by Escrow Agent in bad faith or in willful disregard of this Agreement or involving gross negligence on the part of Escrow Agent. All references herein to defense, indemnification and hold harmless shall apply to this Agreement only and not to the Action and furthermore, shall not apply in the event that Escrow Agent interpleads of any portion of the Escrow Balance.

(c) Escrow Agent may act or refrain from acting in respect of any matter referred to herein in full reliance upon and with the advice of counsel which may be selected by it (including any member of its firm) and shall be fully protected in so acting or refraining from action upon the advice of such counsel.

(d) The Escrow Balance shall be transferred to Escrow Agent pursuant to Fed wire transfer to an account designated by Escrow Agent.

(e) Escrow Agent or any member of its firm shall be permitted to act as counsel for Seller in any dispute as to the disbursement of the Balance of Escrow or any other dispute between the parties whether or not Escrow Agent is in possession of the Balance of Escrow and continues to act as Escrow Agent.

5. This Agreement shall be binding upon and inure to the benefit of all Parties to this Agreement, and their heirs, personal representatives, successors and permitted assigns.

6. In connection with the Action, Plaintiff has filed an Order to Show Cause seeking a Preliminary Injunction. Upon the Effective Date of this agreement, and subject to Escrow Agents receipt of the Escrow Balance, Plaintiff's counsel shall withdraw said Order to Show Cause with notice to the Court.

7. (a) <u>Dispute</u>. If any dispute arises between the Seller and the Purchaser concerning this Agreement and/or the rights and duties of the Seller and the Purchaser under this Agreement, the party prevailing in such dispute shall be entitled to, in addition to such other relief as may be granted, a reasonable sum as and for its attorney's fees. This paragraph shall apply only to this Agreement and not to the Action.

(b) <u>Governing Law</u>. This Agreement has been negotiated and entered into State of New York and shall be governed by, construed and enforced in accordance the internal laws of the State of New York, with venue to be in the United States District Court, Eastern District of New York for any disputes between the Seller and the Purchaser. The Parties hereby consent to both the personal jurisdiction and subject matter jurisdiction of United States District Court, Eastern District of New York.

(c) <u>Amendment and Modification</u>. No term or provision of this Agreement be amended, waived, released, discharged or modified in any respect except in writing signed by the parties.

(d) <u>Severability</u>. Each provision of this Agreement is a separate and independent clause. If any provision of this Agreement is held invalid, such invalidity shall not invalidate the entire Agreement, and the remainder of the Agreement will not be affected.

(e) <u>Construction</u>. This Agreement is to be interpreted without regard to the draftsman. The terms and intent of this Agreement, with respect to the rights and obligations of all parties identified in this Agreement, shall be interpreted and construed on the express assumption that all parties participated equally in its drafting.

(f) <u>Independent Advice of Counsel</u>. The parties hereto, and each of them, represent and declare that in executing this Agreement, they rely solely upon their own judgment, belief and knowledge, and the advice and recommendations of their own independently selected counsel, concerning the nature, extent and duration of their rights and claims, and that they have not been influenced to any extent whatsoever in executing the same by any of the parties hereto or by any person representing them, or any of them.

(g) <u>Counterparts</u>. It is consented to and agreed that "PDF" signature copies or facsimile copies of the signatures of Mr. Miller and Mr. Metalios of this Agreement and pages that same are located thereon shall be deemed to be originals. It is further agreed that this Agreement may be executed in one or more counterparts, each of which shall be an original, and all of which together shall constitute a single Agreement. This Agreement shall be deemed to have become effective when one or more such counterparts shall have been signed by each of the Mr. Miller and Mr. Metalios below.

(h) M. Evan Metalios' legal representation of Defendant with respect to this Agreement shall not be deemed a notice of appearance or representation by M. Evan Metalios with respect to the Action.

**IN WITNESS WHEREOF**, the parties hereto have executed and delivered this escrow agreement as of the date and year first above written.

| | |
|---|---|
| **LAW OFFICES OF**<br>**KISHNER & MILLER**<br>*Attorneys for Plaintiff and as Escrow Agent*<br><br>By: _____<br>Ryan O. Miller, Esq. (RM-4616)<br>420 Lexington Avenue - Suite 300<br>New York, New York 10170<br>Tel. (212) 585-3425<br>Fax (888) 332-5658<br>rmiller@kishnerlegal.com | **M. EVAN METALIOS, ESQ.**<br>*Attorneys for Defendants*<br><br>By: _____<br>M. Evan Metalios, Esq.<br>71-19 Northern Boulevard<br>Jackson Heights, New York 11372<br>Tel: (718) 424-3331<br>Fax: (718) 504-4268<br>evan@metalios.com |