UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ORA NAFTALI AND RONI NAFTALI, AS
TRUSTEES OF THE EDTOM TRUST DATED APRIL
10, 2011,

                                         Plaintiffs,

         v.

NEW YORK DEFERRED EXCHANGE CORP., and
JEFFREY L. WECHSLER,

                                         Defendants.

[And related Counterclaims and Third-Party Actions]

Case No.: 15-cv-07152 (JMA)(ARL)

**PLAINTIFFS' RESPONSE TO
DEFENDANT NYDEC'S
STATEMENT OF
<u>MATERIAL FACTS</u>**

In opposition to Defendant NYDEC's Rule 56 motion for summary judgment, Plaintiffs submit the following numerically paragraphed response to Defendant NYDEC's Statement of Material Facts pursuant to Local Rule 56.1 and Honorable Judge Arlene R. Lindsay's Individual Rules.

1.      Undisputed.

2.      Undisputed.

3.      Undisputed.

4.      Undisputed.

5.      Undisputed.

6.      Undisputed.

7.      Disputed to the extent that Plaintiffs secured a significant 2014 tax year refund totaling $292,600.84 from the IRS with no tax liability.  *See* Ex. U to Cohen Declaration (showing "0.00" as the "account balance," "accrued interest," "accrued penalty," "additional tax assessed," and for "additional account action pending.")

8.      Undisputed.

9.      Undisputed.

10.     Undisputed.

11.     Undisputed.

12.     Disputed to the extent that Plaintiffs did not know they or the Trust possibly faced "capital gains taxes" or a "FIRPTA withholding tax" as a result of the sale of the Apartment.  *See* Ex. I to Cohen Declaration (ON Dep. Tr. pgs. 118-121).

13.     Undisputed.

14.     No response is required because NYDEC's statement is not a material fact rather an interpretation of a federal statute improperly asserted in a Rule 56.1 Statement of Material Facts.

15.     Disputed to the extent that Plaintiffs had any knowledge they were "Foreign Persons" as defined by 26 U.S.C. § 1445(f)(3) because Plaintiffs' attorney Defendant Wechsler advised the Plaintiffs that the Trust "was a New York Trust." *See* Ex. F to Cohen Declaration (pg. 2).  Additionally, no further response is required because NYDEC's statement is not a material fact rather an interpretation of a federal statute improperly asserted in a Rule 56.1 Statement of Material Facts.

16.     Undisputed.

17.     Disputed because Defendant Wechsler testified at his deposition that he had multiple telephone phone calls with NYDEC's President Fritz Trinklein on October 10, 2014. Further, Wechsler testified that he made Fritz Trinklein aware of the "whole situation," including that Plaintiffs were in possession of checks made payable to the Trust, that Plaintiffs had to give back the checks they received to Wechsler, Trinklein advised Wechsler to exchange and obtain

new checks made payable to NYDEC, and that Fritz Trinklein advised Wechsler that Plaintiffs could still perform a valid 1031 Exchange. *See* Ex. D to Cohen Declaration.  (JLW Dep. Tr. 76:16-20, 90:7, 94:8-18, & 122:10-18).

18.     Disputed for the same reasons discussed in response to Statement of Material Fact No.  17 directly above.

19.     Undisputed.

20.     Undisputed.

21.     Undisputed.

22.     Disputed to the extent that the Exchange Agreement speaks for itself. *See* Ex. E to Cohen Declaration.

23.     Disputed because the Exchange Agreement does not say NYDEC is entitled to any fee for "acting as the qualified intermediary." *See* Ex. E to Cohen Declaration (pg. 10).  (Article 8(d) of the Exchange Agreement states in relevant part that "As additional consideration ***for QI's acquisition and transfer of Acquired Property*** to Owner, QI shall receive a fee from Owner in the sum of $3,100.  Such fees…shall be paid to QI from the Exchange Escrow Account**.**") (emphasis added).

24.     Undisputed.

25.     Undisputed.

26.     Undisputed.

27.     Disputed because any claimed notification was sent over two weeks after the 45 day identification period agreed upon in the Exchange Agreement and further was not performed in accordance with the requirements of the Exchange Agreement.  *See* Ex. E to Cohen Declaration. (pg. 2 at § 2(A)) ("For purposes of this Article, identification of Acquired Property only occurs if

the Property is designated as Acquired Property *__in writing, signed by Owner, and hand delivered,__* *__sent by certified mail, or faxed to QI before the expiration of the Identification Period__*.") (emphasis added)

28.    Disputed because NYDEC only informed Defendant Wechsler that NYDEC filed a Form 8288 with the incorrect transfer date of April 8, 2015 *__after__* doing so. *See* Ex. N to Cohen Declaration.  (email dated on or about April 10, 2015).  Additionally, NYDEC's cites to the stipulated facts in the Joint Pre-Trial Order (¶¶40-42, pgs. 23-24) do not support NYDEC's statement that the filing of the Form 8288 was done "with Plaintiffs' consent."

29.    Disputed because NYDEC misrepresents what is written in ¶44 (pg. 24) of the Joint Pre-Trial Order.  ¶44 does not state the "check payable" was for "New York State withholding tax." Additionally, NYDEC states the wrong date (April 10, 2015 vs. the stipulated date of April 14, 2015) in its Statement of Material Fact.  *See* Ex.  N to Cohen Declaration.

30.    Undisputed as to the Material Statement describing Fritz Trinklein's testimony. Disputed as to the statement of "Plaintiffs tax fraud" because Plaintiffs secured a significant 2014 tax year refund totaling $292,600.84 from the IRS with no tax liability.  *See* Ex. U to Cohen Declaration (showing "0.00" as the "account balance," "accrued interest," "accrued penalty," "additional tax assessed," and for "additional account action pending.")

31.    Undisputed.

32.    Undisputed.

33.    Undisputed.

<u>**PLAINTIFFS' STATEMENT OF ADDITIONAL DISPUTED MATERIAL FACTS**</u>

1.     Upon his receipt of the fully executed Exchange Agreement, Friedrich "Fritz" Trinklein understood Plaintiffs had no tax identification number. *See* Ex. J to Cohen Declaration. (FT Dep. Tr. pg. 232:2-18)

2.     Upon his receipt of the fully executed Exchange Agreement,  Fritz Trinklein reviewed the "FIRPTA certification" on page 10 of the Exchange Agreement. *Id.*

Dated: New York, New York
      May 11, 2021

                **KISHNER MILLER HIMES P.C.**
                *Attorneys for Plaintiffs Ora and*
                *Roni Naftali*

                /s/ Jonathan Cohen
                Jonathan Cohen
                40 Fulton Street
                New York, New York 10170
                (212) 585-3425
                jcohen@kishnerlegal.com