UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
ORA NAFTALI and RONI NAFTALI, AS
TRUSTEES OF THE EDTOM TRUST DATED
APRIL 10, 2011,

                        Plaintiffs,

      -against-

NEW YORK DEFERRED EXCHANGE CORP.,
and JEFFREY WECHSLER,

                       Defendants.
-------------------------------------------------------------X

For Online Publication Only

FILED
CLERK
2:18 pm, Mar 14, 2022
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**MEMORANDUM AND ORDER**
15-CV-7152 (JMA) (JMW)

**AZRACK, United States District Judge:**

      Plaintiffs Ora and Roni Naftali ("Plaintiffs") commenced this action against defendants New York Deferred Exchange Corp. ("NYDEC") and Fritz Trinklein ("Trinklein") on December 16, 2015 alleging, inter alia, claims for breach of contract, negligence, and conversion resulting from a failed 1031 Exchange, for which Plaintiffs engaged NYDEC to act as their Qualified Intermediary. (ECF No. 1.) On July 1, 2021, NYDEC filed the present motion for summary judgment seeking to dismiss Plaintiffs' remaining claims of breach of contract, negligence, and conversion. (ECF No. 84.) On October 22, 2021, the Court referred the motion for summary judgment to Magistrate Judge James M. Wicks for a Report and Recommendation ("R&R"). (Electronic Order, 10/22/2021.) Judge Wicks issued an R&R dated December 2, 2021, which recommends that: (1) NYDEC's motion for summary judgment as to Plaintiffs' breach of contract claim be denied; (2) NYDEC's motion for summary judgment as to Plaintiffs' negligence claim be granted in part and denied in part; and (3) NYDEC's motion for summary judgment as to Plaintiffs' conversion claim be granted. (ECF No. 88.)

      NYDEC filed timely objections to the R&R, to which Plaintiffs filed a response in opposition. (ECF Nos. 92, 96.) Plaintiffs filed a "Response Brief [to the R&R] to clarify

1

Plaintiffs' position" to which NYDEC responded. (ECF Nos. 91, 97.) After conducting a review of the full record (including the motion papers, R&R, and objections,) and applicable law, the Court adopts Judge Wicks's R&R in its entirety as the opinion of the Court.

In reviewing a magistrate judge's report and recommendation, a court must "make a de novo determination of those portions of the report or . . . recommendations to which objection[s] [are] made." 28 U.S.C. § 636(b)(1)(C); see also Brown v. Ebert, No. 5-CV-5579, 2006 WL 3851152, at *2 (S.D.N.Y. Dec. 29, 2006). The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Those portions of a report and recommendation to which there is no specific reasoned objection are reviewed for clear error. See Pall Corp. v. Entegris, Inc., 249 F.R.D. 48, 51 (E.D.N.Y. 2008).

The Court finds no clear error in the portions of Judge Wicks's R&R to which there are no specific objections. In particular, Judge Wicks recommended granting NYDEC's motion for summary judgment as to the portion of Plaintiffs' negligence claim concerning NYDEC's pre-contractual duties, and granting NYDEC's motion for summary judgment as to the conversion claim. Applying clear error review, the Court adopts Judge Wicks's recommendations regarding this portion of the negligence claim and the conversion claim.

I next address the portions of the R&R to which the parties have objected. For the objections, I have undertaken a de novo review of the record, the R&R, the objections, and the opposition. For the reasons stated below, the Court denies those objections and adopts the R&R.

NYDEC argues that summary judgment should be granted (1) as to the breach of contract claim because Plaintiffs failed to perform their obligations under the Exchange Agreement, and (2) as to the portion of the negligence claim concerning NYDEC's filing of the Form 8288 and the

filing of associated taxes because NYDEC owed Plaintiffs no duty concerning the Form 8288. (Def. Obj. at 11-18.) These objections reiterate NYDEC's previous arguments and were already addressed by the R&R. Having considered the full record, the Court denies those objections for the reasons articulated in Judge Wicks's R&R.

Plaintiffs submitted a "response" to the R&R, which states that they "do not object to any of the Magistrate Judge's recommendations." (ECF No. 91 at 1.) However, Plaintiffs submitted this response to clarify their position with regard to the conversion claim, which Judge Wicks recommended dismissing as duplicative of the breach of contract claim. (Id.) The conversion claim is limited to the $200,000 that the parties agreed be held in escrow "until there is an adjudication determining the disbursement of the balance of the escrow in the action or a further agreement of both the Plaintiff[s] and Defendants." (ECF No. 84-11 at 2-3.) Plaintiffs argue that because the conversion claim has been dismissed, if Plaintiffs lose on their breach of contract claim at trial and NYDEC loses on its claims for offsetting damages, then the $200,000 would remain "in limbo" in escrow. (ECF No. 91 at 3.) Plaintiffs argue that if this occurred, they would be entitled to move at trial to conform the pleadings to the proof pursuant to Rule 15 of the Federal Rules of Civil Procedure. (Id.) Plaintiffs state that:

> [I]f the Court directs, [Plaintiffs will] seek leave to amend the complaint at this juncture to add equitable claims for the return of the $200,000 escrow money. However, we think it preferable to avoid further motion practice . . . . [and that Plaintiffs] make this submission to provide further notice of their position and their intent to seek relief commensurate with the proof at trial.

(Id. at 6.) Thus, Plaintiff seeks only to inform that Court of an action they may take at trial and are not objecting to the R&R or requesting any relief currently. The Court agrees with Judge Wick's analysis of this claim and adopts the Judge Wicks's recommendation to dismiss the conversion claim.

3

Based on the foregoing, the Court adopts Judge Wicks's R&R in its entirety as the opinion of this Court. Accordingly, the Court finds: (1) NYDEC's motion for summary judgment as to Plaintiffs' breach of contract claim is **DENIED**; (2) NYDEC's motion for summary judgment as to Plaintiffs' negligence claim is **GRANTED**, as to the portion of Plaintiffs' negligence claim concerning NYDEC's pre-contractual duties, and **DENIED**, as to the portion of Plaintiffs' negligence claim concerning NYDEC's filing of the Form 8288 and the filing of associated taxes; and (3) Defendant's motion for summary judgment as to Plaintiffs' conversion claim is **GRANTED**.

**SO ORDERED.**

Dated: March 14, 2022
       Central Islip, New York

                                              /s/  (JMA)
                                        JOAN M. AZRACK
                                        UNITED STATES DISTRICT JUDGE